PATRICK FITZGERALD, complainant and appellant,

*v.*

THE STATE MUTUAL BUILDING AND LOAN ASSOCIATION OF NEW JERSEY, defendant and respondent, and DENNIS RYAN et al., appellants.

[Argued March 6th, 1908.   Decided May 8th, 1908.]

1. It is repugnant to the well-settled judicial policy of this state to permit the continuance in control, directly or indirectly, of directors or officers of a corporation against whom is made out a *prima facie* case of malfeasance in office, or who appear under the proofs to have been unfaithful to their trust as representatives of the shareholders, and to have used their official positions to their own advantage and to the resulting injury of the corporation and its shareholders.

2. Where directors and officers, pending an application for a receiver on the ground of insolvency alleged to have been caused by their wrongdoing, passed a resolution recommending the dissolution and liquidation of a building and loan association, and indirectly procured the appointment by the shareholders of three certain trustees in liquidation, it was the duty of the court, insolvency being shown, forthwith to remove the trustees, and appoint a receiver who, neither by his official participation in the affairs of the insolvent company nor by personal affiliation with the individual directors, would be embarrassed in the due administration of his office.

3. Chapter 24 of the laws of 1904 (*P. L. 1904 p. 44*) does not provide a substitute method of winding up the affairs of an insolvent corporation. The statute is not applicable to insolvent corporations.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *72 N. J. Eq. (2 Buch.) 829.*

*Mr. Joseph Kaighn, Mr. Daniel V. Summerill, Jr., Mr. Joseph J. Summerill* and *Messrs. Guild, Lum & Tamblyn,* for the appellants.

*Mr. Edward Ambler Armstrong, Mr. S. Stanger Iszard* and *Messrs. Wilson, Carr & Stackhouse,* for the respondent.

The opinion of the court was delivered by

DILL, J.

The respondent is a building and loan association organized under "An act to encourage the establishment of mutual loan, homestead and building associations," approved April 9th, 1875.

The complainant is not only a shareholder, but a *quasi*-creditor, inasmuch as the company, after more than six months' notice of withdrawal given by him, defaulted in the redemption of his shares.

On April 4th, 1907, the complainant filed a bill in chancery alleging the insolvency of the company, attacking the management of the directors and officers, and asking for an injunction and the appointment of a receiver.

A week later, after the filing of the bill and before any action by the court, the directors, pursuant to statute (*P. L. 1904 p. 44*), passed a resolution recommending the dissolution and liquidation of the association and the appointment of trustees to wind it up, and calling a meeting of the stockholders to effectuate the plan.

Two days later a bill in chancery was also filed by the commissioner of banking and insurance charging insolvency, caused by mismanagement of the directors and officers. Attached to

this bill were reports filed in the department tending in detail to substantiate these charges. Under this bill an injunction and receiver were asked by the department of banking and insurance.

On April 25th, pursuant to the resolution of the directors previously referred to, the stockholders proceeded to elect three trustees in liquidation, and the bill and affidavits tend to show that the nomination and election of these trustees were procured by or in behalf of these officers and directors. ·

. On May 9th an order was entered giving leave to file a supplemental bill; which was accordingly done by Ryan and other withdrawing shareholders, admitted as complainants. In this bill insolvency was alleged and the officers and directors were charged with malfeasance in office.

Upon the hearing of the application for the injunction and receiver, on May 20th, the vice-chancellor, his attention being · called to the action of the shareholders taken pursuant to our statute (*P. L. 1904 p. 44*) in appointing three trustees to wind up the affairs of the corporation, refused to appoint a receiver, notwithstanding the fact that the corporation was insolvent, and from that order this appeal is taken.

The objection is urged that the order is not appealable, but the judicial discretion of the vice-chancellor is reviewable here, his order affecting, as it does, equitable and legal rights.

´ We are of the opinion that the vice-chancellor erred in denying the application for the appointment of a receiver.

*First.* There is nothing in chapter 24 of the laws of 1904, relating to building and loan associations (*P. L. 1904 p. 44*), which sustains the argument that this statute was intended to provide a substitute method of winding up the affairs of an insolvent corporation or in anywise to relieve the court of chancery of the duty of taking control of the affairs of such corporation under the statute applicable to insolvent corporations.

The General Corporation law ("An act concerning corporations, Revision of 1896") establishes a uniform system of procedure in case of corporate insolvency, applicable to all corporations alike, and governs the present case.

The policy of this state, as shown by the decisions of its courts and its statutes, has been so long established that we may not assume, in the absence of specific language to that effect, that the legislature intended, by the act referred to (*P. L. 1904 p. 44*), to limit or override this well-established procedure.

This act does not apply to insolvent corporations, but its purpose is only to afford a means of winding up solvent building and loan associations when the interests of the creditors are not involved and where the shareholders can see that their own interests will be best conserved by the dissolution of the association.

The commissioner of banking and insurance was specifically authorized by statute, in the case of such a corporation as this (*P. L. 1903 p. 457*), to make application for an injunction and receivership either in case of insolvency or violation of the law, and both were shown.

*Second.* There being, therefore, nothing in the statute restricting or limiting the exercise by the court of chancery of its usual and customary control over insolvent corporations, we think that, under the state of facts presented in this case, the relief asked for should have been granted.

Insolvency was demonstrated. But, more than this, there was made out a *prima facie* case of malfeasance on the part of officers and directors. The inference is strong that the appointment of these trustees in liquidation was procured by the directors and officers with a view to covertly maintaining the control, not alone of the assets of the company, but as well of the institution and maintenance of legal proceedings to which officers and directors might be proper parties. If this be the fact, then the proceedings resulting in the appointment of these trustees was a palpable attempt on the part of the directors and officers to evade the consequences of the appointment of an independent receiver, whose duty it might be to call the officers and directors to account and to hold them responsible for the failure of the company to the extent they were properly chargeable therewith.

The settled judicial policy of this state is diametrically opposed to the continuance in control, directly or indirectly, of

directors or officers against whom is made out a *prima facie* case of wrong-doing in office, and who appear to have used their official positions, as representatives of the shareholders, to their own financial advantage and to the resulting injury of the company and its shareholders.

That any person or persons, appearing to have been appointed as trustees in liquidation upon the procurement of officers and directors under charges, should, upon a proper presentation of the facts, be allowed to remain in control of the situation, is not to be tolerated. No officer, director or other party interested, who is under charges, should have an influencing voice in the selection of the trustee or the receiver who is to pass upon his acts.

Both under the law and upon the facts the court of chancery should have assumed the administration of the affairs of the corporation through the appointment of a receiver.

The order of the court below should be reversed, an injunction granted and a receiver forthwith appointed, who, neither by his official participation in the affairs of the insolvent company nor by personal affiliation with the individual directors, will be in anywise embarrassed in the due administration of his office and the strict and impartial performance of his duties.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief-Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill—15.