I will advise an order overruling the motion to strike out, with costs.

---

TRUSTEES OF SEA ISLE CITY REALTY COMPANY, dissolved, et al.

*v.*

THE FIRST NATIONAL BANK OF OCEAN CITY, NEW JERSEY.

[Submitted January 22d, 1917.   Determined February 2d, 1917.]

1. Injunction will lie to prevent entry of judgment at law on an undisputed claim against a corporation which has been dissolved, whose assets are a trust fund for distribution to its creditors.

2. This court has jurisdiction over the trust created by the voluntary dissolution of a corporation, because of its inherent jurisdiction over trusts.

3. Where a creditor of the corporation will not be injured by restraining the entry of judgment, nor obtain any advantage by such entry, but the administration of the trust will be interfered with by the entry of the judgment, the injunctive relief sought will be granted.

4. The endorsers on a note given by a dissolved corporation were not entitled to a preliminary injunction restraining entry of judgment against them where it appeared that such action would be a substantial detriment to the creditor's legal rights; their equitable rights cannot be invoked to substantially prejudice the legal rights of others.

5. Section 94 of the Corporation act does not prevent entry of judgment against directors of a dissolved corporation as endorsers on a note of the corporation though the affairs of the corporation have not been wound up.

---

On hearing on motion for preliminary injunction to restrain the further prosecution of an action at law.

*Mr. Charles K. Landis, Jr.,* for the complainants.

*Mr. J. Fithian Tatem,* for the defendant.

LEAMING, V. C.

This suit is brought to restrain further proceedings by defendant bank in a pending action at law.

At the hearing of a motion for preliminary restraint it was disclosed that the Sea Isle City Realty Company, a corporation of this state, was dissolved by certificate of dissolution filed in the office of the secretary of state on September 8th, 1916, pursuant to the provisions of our Corporation act authorizing voluntary dissolution of corporations of this state, since which time the persons who were its directors at the time of its dissolution have been engaged in winding up the affairs of the dissolved corporation as statutory trustees under the act. On January 8th, of this year, an order was duly made by this court on the application of these statutory trustees directing the creditors of the dissolved corporation to present to the statutory trustees within a specified period verified claims against the corporation.

Among the liabilities of the dissolved corporation is a certain promissory note which was made by it prior to the proceedings for dissolution; the note was signed by the corporation as maker and was payable to the order of the corporation as payee and endorsed by it and also endorsed by four of the five directors of the corporation for the accommodation of the corporation, and discounted, while so endorsed, for the benefit of the corporation by the First National Bank of Ocean City, the defendant herein. That note is now due and payable and an action at law for the recovery of the amount due has been brought by the bank against the maker corporation, *eo nomine,* and also against the statutory trustees of the dissolved corporation and also against the several endorsers. It is the further prosecution of that action at law which the present bill seeks to restrain. The bill is filed by the statutory trustees and the endorsers of the note.

There is no dispute touching any of the matters above stated. The liability of the corporation and of the directors for the

amount of the note is admitted and is in no way a subject of dispute.

The bill demands as equitable relief in behalf of the dissolved corporation and its creditors that no judgment shall be entered against it for a debt which is not in dispute, and that defendant bank be required to file its claim against the dissolved corporation pursuant to the general order of this court heretofore made for that purpose and permit the statutory trustees to allow the claim; and demands as equitable relief in behalf of the endorsers that the action at law against them be stayed until the assets of the dissolved corporation may be fully administered by the statutory trustees and applied in payment of the debt which is primarily due from the dissolved corporation to defendant bank.

I entertain the view that the relief which is sought to prevent the entry of a judgment at law against the dissolved corporation must be granted. But while at the argument it was practically conceded that relief to that extent should be awarded, I think the question cannot be said to be one wholly free from doubt.

Sections 53 to 60, inclusive, of our Corporation act (*2 Comp. Stat. pp. 1634–1637*) constitute the directors of a corporation which has been dissolved in the manner in which this corporation has been dissolved trustees of the dissolved corporation for the purpose of winding up its affairs by converting its assets into money and paying "ratably, so far as its moneys and property shall enable them, all the creditors of the corporation who prove their debts in the manner directed by the court," and distributing any balance remaining after payment of the debts and necessary expenses to the stockholders. The court of chancery is also given the power on application of any creditor or stockholder to exercise its discretion whether to continue the directors as trustees or supersede them by the appointment of a receiver or receivers.

It seems to me that the general scope of these several sections of the statute, as well as the detailed provisions of some of the sections, disclose a legislative intent, which is manifest with almost as much clearness as could be expressed by any specific provision, that at dissolution the assets of the corporation be-

come a trust fund for the equal benefit of all creditors as the rights of such creditor may be found to have existed at dissolution, and for the benefit of the stockholders after the payment of all debts of the corporation, and that this trust fund shall be preserved for and applied to the payment of such debts "ratably;" and that the effect of the provisions is to fasten the debts of the corporation upon its property at the moment of dissolution to exactly the same extent as though by express terms of the statute the legal title of the assets as distinguished from the equitable title, had at that moment been made to pass to the trustees for the purposes of a trust for equal distribution. Such a trust is necessarily subservient to the burden of liens existing prior to its creation; but it seems manifest that the preservation of the right of general creditors to procure preferment after the creation of the statutory trust would be so clearly destructive of the statutory requirement for creditors to prove their debts before the trustees and for the trustees to make ratable distribution among the creditors as to render the provisions of section 58 wholly nugatory and purposeless. I should reach this conclusion without hesitancy but for the views adopted in *Squire* v. *Princeton Lighting Co., 72 N. J. Eq. 883*, in which case the right of creditors of an insolvent corporation to procure preferment by judgment and levy prior to the actual adjudication of insolvency is sustained; but I find nothing in the views there expressed inconsistent with the view that when in the proceedings for either an insolvency receivership or a dissolution trusteeship a trust for equal distribution has become consummated preferments can no longer be created.

In the absence of legislation conferring upon any court other than this court jurisdiction over this statutory trust, it is obvious that this court possesses such jurisdiction in all matters necessary to its proper enforcement and protection by reason of the inherent jurisdiction of this court over trusts; but the several sections of the statute referred to also clearly disclose a legislative intent that this court should exercise that jurisdiction in all necessary matters relating to the execution of the specific trust. If, therefore, it is reasonably apparent at this time that the proper and efficient performance of the duties of these trus-

88 CASES IN CHANCERY, 1916–1917.

Trustees, &c., v. First Nat'l Bk. of Ocean City. 87 N. J. Eq.

tees will be materially impaired by the entry of a judgment at law against the dissolved corporation on this undisputed claim of a general creditor, it seems obvious that this court should intervene in the manner now sought, unless the rights of the creditor who is seeking the judgment will be thereby injured.

If the views already expressed are sound, it is entirely clear that the only effect of the judgment, if entered, will be the ascertainment of the amount due, for such judgment could only rank as a general claim against the assets. But the amount due is not a matter of dispute, and the trustees are willing to allow the claim when it shall be filed pursuant to the order of this court heretofore made for that purpose. It is accordingly obvious that no injury can be done to the creditor by restraining the entry of the judgment and no benefit can be gained by the creditor by such entry.

On the other hand, trouble and inconvenience in the administration of the trust will necessarily flow from the entry of the judgment. The legal title of a great amount of real estate is in the name of the dissolved corporation at this time, and that real estate is its principal asset, and from its sale in small parcels the trustees must realize the funds to pay the creditors of the corporation. While, as stated, the judgment, if entered, cannot be enforced as a specific lien against that real estate, its entry will necessarily afford a cloud of such nature that the trustees will be constantly hindered in conferring upon purchasers marketable titles.

In these circumstances this court should exercise its equitable powers to protect the efficient administration of the trust.

But I am unable to reach the conclusion that the endorsers of the note held by defendant are entitled to the relief which is here sought by them.

As heretofore pointed out, with reference to the origin of the note on which an action at law has been brought, the dissolved corporation was the party primarily liable on the instrument and the endorsers were only secondarily liable. While the provisions of section 84 of our Negotiable Instruments act (3 Comp. Stat. p. 3745) is to the effect that when the note was dishonored by non-payment, an immediate right of recourse to all parties

secondarily liable thereon accrued to the holder of the note, that section cannot be properly understood to deny to the endorsers any well-recognized equitable rights that they may possess touching the application of assets in discharge of the note. Among those equitable rights is the right of a surety, in certain circumstances, to have the debt paid by or out of the property of the person primarily liable. At law that right can only be enjoyed after judgment by virtue of the provisions of section 35 of our Practice act (*3 Comp. Stat. p. 4061*), which section is preserved by the Practice act of 1912 (*P. L. 1912 p. 385*) ; while in equity the right may be asserted at any time. But, like other equitable rights, such right cannot be enjoyed to the substantial prejudice of present rights of others. This limitation of the right is expressly recognized in *Irick* v. *Black, 17 N. J. Eq. 189*, and again in *Philadelphia and Reading Railroad Co.* v. *Letter, 41 N. J. Eq. 519* (at *p. 529*). In the former case it is said: "He (the surety) may, in special cases, compel the creditor to resort to securities in his hands before coming upon the surety. And, although the creditor will not, as a matter of course, be restrained from enforcing his rights against the surety till his remedies against the principal are exhausted, yet, when the creditor is fully indemnified, where he is subjected to no delay and exposed to no risk of loss, he will be compelled to resort first to the property of the principal in satisfaction of his claim. If the court is asked to interfere on behalf of the surety before judgment is recovered against him, he must present some special ground of equitable relief." In the latter case substantially the same view is expressed as follows: "Under special circumstances, when his equitable right to have the debt paid by the principal, or out of the latter's property, can be enforced without injury or prejudice to the creditor's rights, he may compel the creditor to resort to securities in his hands, or under his control, the property of the principal, in satisfaction of the debt, before coming upon the surety; as, for instance, where the creditor is fully indemnified and will be subjected to no delay and exposed to no risk of loss if he is compelled to resort first to the property of the principal."

In the present case the creditor, defendant herein, will be denied the enforcement of his claim against the property of his principal by reason of the pending administration of the statutory trust, and, admittedly, the administration of that trust must continue for a long time before the assets can be converted into cash and creditors paid. In these circumstances, the creditor cannot be equitably denied the right to look to the endorsers of the note for the discharge of their contractual obligations with reasonable promptness. Any denial to the creditor of that right at this time in the circumstances here existing would be clearly operative as an enforcement of the equitable right of the endorser to the substantial detriment of the legal rights of the creditor.

Complainants also invoke in their behalf the provisions of section 94 of the Corporation act. *2 Comp. Stat. p. 1655.* That section relates only to cases where officers, directors and stockholders of a corporation are made liable by the provisions of the act, specifically, for the payment of the debts of the company. *Witherbee* v. *Baker, 35 N. J. Eq. 501.*

I will advise a preliminary injunction in accordance with the views herein expressed.