Complainant, receiver of the Jersey Mutual Casualty Insurance Company, is the holder of a judgment for $1,623.15 against the Paterson-Garfield-Lodi Bus Co., Inc. The judgment debtor operated its buses in and about the city of Paterson, and from January 21st, 1928, to June 27th, 1928, it insured its buses with the Jersey Mutual Casualty Insurance Company, rendering the bus company contingently liable to an assessment under such insurance policy. Lincoln Bus Co. v. Jersey Mutual Casualty InsuranceCo., 112 N.J. Eq. 538; 165 Atl. Rep. 112. The insurance company having become defunct, the receiver levied an assessment (April 1st, 1933, payable April 10th, 1933), and thereafter obtained the aforesaid judgment thereon.
On June 27th, 1928, the judgment debtor sold its buses, franchises and equipment to Public Service Co-ordinated Transport for a sum approximating $100,000. The money was distributed by the directors of the bus company among its stockholders without formal dissolution and without making proper provision for the payment of complainant's claim. *Page 474 
By the bill of complaint the receiver seeks to hold the directors, all of whom participated in the distribution, primarily liable, jointly and severally, as statutory trustees under sections 54 and 55 of the Corporation act (R.S. 14:13-5,6) to pay his judgment to the extent of moneys which passed through their hands; and the stockholders secondarily liable to the extent of moneys which they received upon distribution. The equitable ground for relief urged is that the stock is regarded as a trust fund for all the debts of the corporation, and no stockholder can entitle himself to any dividend or share of it until all the debts are paid; that the capital stock was a trust fund for the creditors, and the stockholders, upon the division, took it subject to all equities attached to it, as impressed with the trust cum onere. Williams v. Boice, 38 N.J. Eq. 364;Mills v. Hendershot, 70 N.J. Eq. 258; 62 Atl. Rep. 542.
The material facts in this case are not in dispute and complainant is entitled to a decree unless the defenses raised by the defendants are meritorious. Such defenses will now be considered and disposed of.
More than six years having elapsed from the time any cause of action accrued to complainant the statute of limitations, it is urged, should be applied. However, as to those defendants who were directors, their liability as trustees is not governed by any statute of limitations. In Windmuller v. SpiritsDistributing Co., 83 N.J. Eq. 6; 90 Atl. Rep. 249, there was a ten-year delay before suit was brought against directors as trustees in dissolution. But assuming that a six-year period of limitations does apply, complainant's bill was filed on March 7th, 1939, and all defendants were served in March, while the complainant's cause of action would run from the date upon which it accrued April 10th, 1933, the date when the assessment was due and payable.
The defendants contend that section 30 of the Corporation act (R.S. 14:8-19) which limits the liability of directors to six years is applicable rather than section 55 of the Corporation act. Section 30 only applies where dividends have been paid out of the capital of a going concern. Sections 54 and *Page 475 
55 of the statute apply where there has been a distribution or a dissolution, and under these sections there is no statutory limitation of the duration of the liability of the directors as trustees. So that as to those defendants who were only stockholders, their liability as stockholders — distributees — to pay back trust moneys unlawfully paid out, is not subject to any period of limitation. Williams v. Boice, supra; Mills v.Hendershot, supra.
Again it is argued that at the time of distribution or dissolution, the insurance company was not an existing creditor of the Paterson-Garfield-Lodi Bus Co., Inc. It is true complainant's claim is based upon a contingent liability which existed at the time of distribution, and notwithstanding that liability thereon may have been remote, the defendants were under a duty to make provisions for it. Reinfeld v. Fidelity UnionTrust Co., 123 N.J. Eq. 428; 198 Atl. Rep. 220; affirmed,125 N.J. Eq. 347; 5 Atl. Rep. 2d 699; Aetna Casualty and SuretyCo. v. International Re-Insurance Corp., 117 N.J. Eq. 190;175 Atl. Rep. 114.
It is urged that complainant is guilty of laches because of the delay in instituting this suit; that because of such delay the financial condition of some of the co-defendants has changed. It appears that the receiver is engaged in the collection of assessments against approximately two thousand two hundred policyholders resident in various counties in this state. Admittedly the commencement and prosecution of so many suits requires much time, study and effort. It can scarcely be said that the bringing of this suit five years after the assessment was levied and four years after the entry of judgment thereon is an unreasonable delay. Nor has this delay been prejudicial to the defendants, there having been no change in position or loss of testimony. Elements which invoke the application of the doctrine of laches are not here present. Hinners v. Banville, 114 N.J. Eq. 348; 168 Atl. Rep. 618.
Nor has complainant an adequate remedy at law as insisted upon by the defendants. The jurisdiction of the court of chancery is peculiarly appropriate for granting the relief here *Page 476 
sought. Kean v. Maple Shade Land and Improvement Co. (Courtof Errors and Appeals), 63 N.J. Eq. 321; 50 Atl. Rep. 467.
This court has jurisdiction over the trust created by the voluntary dissolution of the corporation because of its inherent jurisdiction over trusts. Trustees of Sea Isle City Realty Co.
v. First National Bank of Ocean City, 87 N.J. Eq. 84;99 Atl. Rep. 929.
The further contention on the part of the defendants that complainant's judgment was obtained contrary to law because no notice had been served upon the directors of the defendant company before the entry thereof is not tenable. The judgment isres judicata and not open to collateral attack in this court.Chorpenning v. Yellow Cab Co., 113 N.J. Eq. 389;167 Atl. Rep. 12; affirmed, 115 N.J. Eq. 170; 169 Atl. Rep. 691; In re Leupp,108 N.J. Eq. 49; 153 Atl. Rep. 842.
Lastly, the defendant Frank Levenstein, one of the directors and stockholders of the defendant corporation, asserts that the capital stock of the corporation was sold to Public Service Co-ordinated Transport rather than the buses, equipment and franchises; that the money arising from such sale which he and the other defendants received was in payment for the transfer of the capital stock, so that the Paterson-Garfield-Lodi Bus Co., Inc., existed as a corporation with its properties and franchises after the receipt of the moneys by the defendants, and their individual severance from the corporation. This assertion is not supported by the evidence. There was introduced into evidence a certified copy of a resolution passed by the board of directors of the defendant company from which resolution it appeared that "the offer of the Public Service Corporation for the purchase of the business of the Paterson-Garfield-Lodi Bus Co. be accepted and that all buses and franchises of the Paterson-Garfield-Lodi Bus Co. be sold to the Public Service Corporation." Other evidence introduced was the bill of sale; the written request by the defendant corporation under its seal directed to certain municipalities and the Public Utility Commission, for transfer of the franchises to the Public Service Co-ordinated Transport, *Page 477 
and the testimony on behalf of the Public Service Co-ordinated Transport that it purchased from the defendant company the buses, franchises and equipment.
There is no doubt in my mind from the evidence that the defendant corporation sold its business, equipment and franchises; that upon distribution of the money received from the sale, among the stockholders, the defendant corporation was rendered a hollow shell.
I will advise a decree holding the directors of the Paterson-Garfield-Lodi Bus Co., Inc., primarily liable, jointly and severally, to satisfy complainant's judgment, interest and costs, to the extent of the moneys that passed through their hands. The distribution of all the assets by the directors of the defendant company without making provision for the debt of complainant, was in violation of sections 54 and 55 of the Corporation act. R.S. 14:13-5, 6. And the stockholders are secondarily liable to complainant to the extent of moneys which they received. They knew that the distribution of the moneys was not in the ordinary course of business and that it was not a dividend, but made for the purpose of winding up the affairs of the company, and the stockholders were chargeable with the knowledge that the moneys which came into their hands carried with it the burden of the unpaid debts of the corporation.
As to the defendant David Kimmel the complaint will be dismissed. It appeared from the testimony that he was fraudulently induced to purchase the stock of the defendant corporation, and that upon the discovery of the fraud he promptly rescinded the purchase and later received the money which he paid for the stock. *Page 478