This cause comes up on a motion to dismiss the bill for want of equity. The complainant association has been in process of voluntary liquidation pursuant to R.S. 17:12-81 for the last two years. The defendants each recovered judgment against the association in the supreme court; Mrs. Berger, on May 13th, 1939, for $12,854, and Mrs. Zeisler, October 20th, 1939, for $13,257. Executions have issued and levies been made. Complainant has appealed from one of the judgments and is contemplating an appeal from the other. The bill prays that the defendants be restrained from proceeding further with their executions and be required to release any liens they have acquired by virtue of their levies.
Complainant contends that when a building and loan association voluntarily dissolves and elects trustees to liquidate its affairs, its assets become a trust fund to be administered by the trustees and that a creditor, though he may prosecute his claim to judgment, can have no execution and can obtain no preference over a creditor whose claim is filed with the *Page 506 
trustees and allowed by them; that the claims of creditors, whether established by judgment or not, are uncollectible until the affairs of the association are wound up and all administration expenses paid.
Complainant first argues an analogy with the estates of deceased persons. By force of the statute, no execution may issue against personal representatives within six months of their appointment. R.S. 3:13-5. Or afterward, if the personal representatives report to the court that the estate is insolvent.R.S. 3:25-61. It is these express prohibitions that tie the hands of creditors in proceedings against a decedent's estate, and were it not for these statutory provisions, a creditor might sue the administrator or executor immediately upon appointment and on obtaining judgment, forthwith levy on the assets. Taylor
v. Volk, 38 N.J. Law 204; Union National Bank v. Poulson,40 N.J. Law 284; Von Arx v. Wemple's Executors, 43 N.J. Law 154;45 N.J. Law 89; Donahue v. Casabianca, 112 N.J. Law 158. Since the statute relating to building and loan associations in voluntary dissolution contains no provisions similar to those I have recited, there is no basis for applying to building and loan associations the peculiar rules governing decedents' estates. Even if there were, complainant would not be helped, as the bill does not show that complainant is insolvent. After the six months' period allowed for investigation, execution may issue against a decedent's estate, unless it appears to be insolvent.
Complainant next argues from the rules governing voluntary dissolution under the General Corporation act. R.S. 14:13-1,c. When a corporation has been voluntarily dissolved and its assets are being administered under that statute, a creditor whose claim is undisputed cannot reduce it to judgment, and whether it be disputed or not, and he obtains judgment, he cannot have execution. Trustees of Sea Isle City Realty Co. v. FirstNational Bank, 87 N.J. Eq. 84; Camden Mortgage Guaranty and TitleCo. v. Haines, 110 N.J. Eq. 461. In the latter case, Vice-Chancellor Leaming said: "If defendant herein prosecutes his action at law to judgment, the existence of the judgment will alone seriously embarrass the advantageous performance of the trust. *Page 507 
But defendant's obvious purpose is also to enforce the payment of the judgment by process of execution and thus collect as a preferred creditor. It is entirely clear that if creditors with undisputed claims are privileged to enforce their claims in this manner, an advantageous administration of the trust will be impossible. * * * Section 58 of the act (now R.S. 14:13-8) contemplates a pro rata distribution among creditors, should assets be inadequate to pay creditors in full."
A very important basis for the two decisions last cited is that insolvent, as well as solvent, corporations may be voluntarily dissolved and liquidated under R.S. 14:13-1, c. This is shown by the provision which Vice-Chancellor Leaming referred to, that the trustees "shall pay ratably as far as its moneys and property shall enable them, all the creditors of the corporation who prove their debts in the manner directed by the court." But the statutory provisions for the voluntary dissolution of a building and loan association under which the complainant's trustees have been appointed, is not intended to provide a method of winding up the affairs of an insolvent association. Fitzgerald v. StateMutual Building and Loan Association, 74 N.J. Eq. 440. Such an association should be wound up pursuant to R.S. 17:12-64, c., or perhaps under R.S. 14:14-1, c. Certainly, the rule ofTrustees, c., v. First National Bank, and Camden Mortgage,c., Co. v. Haines, cannot be applied with full effect to the complainant association, for the statute R.S. 17:12-85
expressly provides for action and judgment against the association, although it adds that no judgment shall be entered except on notice to the trustees.
I find nothing in the statute to support complainant's contention that creditors must wait until the affairs of the association are wound up and administration expenses paid. Liquidation of an association whose assets are principally mortgages and land, may take years. Creditors should be paid promptly. If the affairs of the association be so managed, whether by directors or the trustees, that they cannot pay creditors without making a sacrifice sale of assets; the loss must fall on the shareholders and not be an excuse for delaying payment to the creditors. The bill will be dismissed. *Page 508 
If the three-month period in which creditors may file claims (R.S. 17:12-86) had not expired, or if there were insufficient assets to satisfy creditors, I might reach a different conclusion. But the statute should not be construed, in the absence of unmistakable language, to empower a solvent debtor to place its property beyond the reach of the process of the courts of law.