In the matter of proceedings under the Mortgage Guaranty Corporation Rehabilitation act affecting the CITIZENS TITLE INSURANCE AND MORTGAGE COMPANY.

[Decided July 31st, 1940.]

Mr. *James A. Lynch, Jr.* (Mr. *Julius Barr,* of counsel), for the Home Owners' Loan Corporation.

Mr. *Robert Faltings,* for Louis A. Reilly, trustee in liquidation.

LEWIS, V. C.

This matter is now before the court on a claim of the Home Owners' Loan Corporation. The Citizens Title Insurance and Mortgage Company issued some 112 title insurance policies, each for $1,000 to the Home Owners' Loan Corporation, for which there was paid a premium of $40 each. The policies insured against defects of title on premises on which the Home Owners' Loan Corporation made loans. No losses have occurred as yet because of defects of title on any of the premises. The Citizens Company is now in liquidation and the question before the court is as to what claim, if any, the Home Owners' Loan Corporation has against the statutory deposit originally made with the Department of Banking and Insurance for the protection of policyholders. It is claimed on behalf of the Home Owners' Loan Corporation that the statutory deposit should not be used to pay other creditors until the asserted prior claim of the Home Owners' Loan Corporation has been satisfied, either by the payment to it in full of the cost of re-insurance of the policies issued to it, or that the statutory deposit be kept intact to satisfy future claims of title policyholders.

To determine the rights of the Home Owners' Loan Corporation, it is necessary to pass upon the rights that others, namely, the holders of guaranteed mortgages, may have against the statutory deposit. It may be noted that the claims of the Home Owners' Loan Corporation are contingent only, and losses may or may not mature in the future; whereas,

in the case of the holders of guaranteed mortgages, the claims have already matured and losses have already been sustained, since there have been defaults on the guaranteed mortgages and the assets of the company are admittedly insufficient to pay them in full.

The Citizens Company made the statutory deposit under the provisions of the Insurance Company act of 1902, which provides for the organization of corporations to insure against defects in title or by reason of non-payment of principal and interest of bonds and mortgages. Under this statute, the deposit is "for the benefit and security of all policyholders of the company depositing the same." The first relevant question is as to whether holders of guaranteed mortgages are to be considered policyholders under the statute. Elsewhere in the statute, reference is made to "policies of title or mortgage insurance." The Mortgage Guaranty Corporation Rehabilitation act of 1934 provides that it shall apply to any mortgage guaranty corporation "which has issued insurance against losses by reason of the non-payment of principal and interest of bonds and mortgages." This recognizes the status of guarantees of mortgages as being contracts of insurance and seems plainly to recognize them as policies within the meaning of the act of 1902. The statutory deposit, therefore, is for the benefit, not only of holders of title insurance policies, but also for the benefit of guaranteed mortgages. This was held in the case of *Aetna Casualty and Surety Co. v. International Re-Insurance Corp., 117 N. J. Eq. 190* (at *p. 199*).

Therefore, the claim of the Home Owners' Loan Corporation, for whatever amount it may be found to be, can only share *pro rata* with the holders of guaranteed mortgages against the statutory deposit.

It is contended on behalf of the trustee in liquidation that the Home Owners' Loan Corporation has no provable claim at all, since the only obligation of the Citizens Company under its policies of insurance is to pay losses incurred by reason of defective titles, and that no such losses have been or can be proved up until the present time, there can be no claim whatever. The Home Owners' Loan Corporation paid

$40 each for the policies and in each case has received, to a certain extent, a consideration therefore, that is to say, the benefit of a search. But this does not entirely discharge the obligation under the policy, since at some time in the future defects in title may appear. It would, however, be clearly unjust and improper to indefinitely tie up the statutory deposit while waiting for such claims to mature. The rule of practicality and convenience requires that in cases such as this, the claims be disposed of once and for all.

In the present instance, the amount of the claim of the Home Owners' Loan Corporation may be readily determined as the cost of re-insurance. This cost has not been laid before the court, but it is concededly far less than the $40 per policy, since re-insurance can be obtained on the group of more than 100 policies. The principle of making provision for contingent claims, instead of completely wiping them out by distribution of all assets, has been recognized as a principle of equity in the recent cases of *Aetna Casualty and Surety Co.* v. *International Re-Insurance Corp., supra,* and in *Beatty* v. *Paterson-Garfield-Lodi Bus Co., 126 N. J. Eq. 472* (at *p. 475*).

The claim of the Home Owners' Loan Corporation will, therefore, be allowed in the amount of the cost of re-insurance on its title policies. This amount can probably be determined by agreement between the respective counsel. If not, the amount will be fixed by the court on presentation of further facts. The Home Owners' Loan Corporation will receive no preference against the holders of guaranteed mortgages as against the statutory deposit, but will share *pro rata* with them. An order will be advised in accordance herewith.