This matter is now before the court on the application of New Jersey Mortgage and Title Company as successor in reorganization of Guaranty Mortgage and Title Insurance Company, under a decree made in this cause May 12th, 1937, *Page 49 
for the turning over to the petitioner of the statutory deposit in the hands of the Commissioner of Banking and Insurance as security for the payment of claims. The application is resisted by the holder of a title insurance policy and also by some holders of mortgages guaranteed by the original corporation.
As to the holder of the title policy, N. Rathblott Development and Realty Company, its rights were in terms disposed of by the provisions of the said decree which provided that obligations under the policy of title insurance should terminate, unless a claim should ripen within two years. The Rathblott Company makes no claim that such a loss has accrued within this period. It is in the position, therefore, of asking the court to alter the terms of the decree. The corporation made no objection to the provision in the decree at the time the decree was signed, and there has been no appeal therefrom. At the time the decree was drafted, a committee of policyholders represented their interests before the court. The court considered the rights and equities of all holders of title policies, and the provision relating thereto, as inserted in the decree, was considered by the court to be fair and just. It is, of course, a commonplace that in the reorganization of distressed corporations, the full original contractual rights of the parties must be modified and the assets distributed in a fair and equitable manner among the claimants, each of whom, of course, must sustain his fair and equitable share of the loss. The Mortgage Guaranty Corporation Rehabilitation act expressly provides that fair and reasonable distribution of the assets of the corporation may be made without the consent of a dissenting creditor. The strict letter of contractual rights is necessarily modified in order to protect the interests of all creditors. Even before the Rehabilitation act, this court had so held in New Jersey National Bank andTrust Co. v. Lincoln Mortgage and Title Guaranty Co., 105 N.J. Eq. 557.
This court, therefore, finds no reason to withhold the statutory deposit in the instance of the Rathblott Company.
A somewhat different situation arises in the claims of the holders of guaranteed mortgages. These particular claimants *Page 50 
have not taken over the mortgages in satisfaction of their claims, as they had the right to do under the decree. In substance, they claim that they are entitled to continue their present status and that they had the right that the statutory deposit be held separate and intact to satisfy possible future claims for losses. I do not consider that this contention is sound. By the provisions of the decree of May 12th, 1937, it was provided that the holder of a guaranteed mortgage might, within thirty days, notify the new company of his refusal to accept the mortgage in release of his claim. In such event, the court should make such provision, if any, for any obligation of the old company as it deems proper, to be limited to such claims or interests in the statutory deposit as the court may determine. The matter could be brought on before the court by the new company, or anyone interested, upon ten days' notice. Two of the claimants filed notices within the thirty-day period, and the notice of the third was mailed on the thirtieth day and received on the thirty-first day. No formal application under the provision of the decree just quoted had been made by either the claimants or by the new company, unless the present petition now before the court for the turning over of the statutory deposit be considered as such application. The court will, however, consider the matter as though formally before it, since disposition of the statutory deposit necessarily involves the determination of the rights of these claimants.
In determining their rights, there must be taken into account the considerations respecting the modification of the letter of contracts and the necessarily scaling down of rights necessary to fairly and equitably apportion the assets among all classes of creditors. It does not appear that these particular claimants are, in fact, likely to sustain any serious loss, since it seems that the mortgages held by them are sound ones. They, therefore, have no matured claim and it is possible that none may arise. Certainly none has arisen since the signing of the decree. The decree itself provides in paragraph 26, "Holders of guaranteed mortgages who formerly refused to release (but only to the extent as by the court permitted by an order hereafter to be made) may make claim *Page 51 
upon said securities or fund if any claim shall ripen within the said two-year period." The various contracts of all creditors and their rights thereunder, were merged in a decree. These claimants had notice of the proceeding and, as heretofore stated, no appeal had been taken from the decree. Limiting the rights of these claimants to those which shall have ripened within two years from the time of the decree, being the same limitation as that on the rights of holders of title policies, is fair, reasonable and just.
An order will be advised directing the turning over to the New Jersey Mortgage and Title Company, of the statutory deposit, free of all claims thereto, of the present claimants.