The bill in this case was filed to establish certain claims of title policy holders. All of the matters were submitted on a stipulation except the cost of reinsurance concerning which evidence was submitted.
The complainants in the first above-mentioned case are the holders of certain policies of title insurance issued by the defendant prior to its liquidation. The complainants and their grantees have never been evicted from the lands covered by the said policies. They have not as yet suffered loss or damage or become entitled to a claim under the terms and conditions of the policies. No person has asserted a paramount title to them or a lien or encumbrance against the insured lands. The above facts do not apply to R. Neumann Company for the reason that at the present time there is an action pending at law involving a title of said complainant whose rights are not to be determined by this court until the law action has terminated.
The complainant in the second above-mentioned suit has likewise sustained no loss or damage under the terms of the policies. All of the complainants have filed proofs of claims with the Commissioner of Banking and Insurance for the full amount of the premiums paid for the policy in question or for the cost of reinsurance. These claims have been *Page 150 
rejected by the commissioner. The Title Company by the contracts of insurance undertook to indemnify the insured against loss which might be sustained in the future by reason of any defect in the title which existed on the date the policy was issued.
The commissioner argues that the complainants have no status for the suits because none of the contemplated contingencies have arisen. He says that their claims are contingent and, therefore, should not be proved and allowed. In support of this argument he cites the following cases: Kelly v. Middlesex, c., Trust Co.,116 N.J. Eq. 228; In re Mechanics Trust Co., 119 N.J. Eq. 141,147; Kipp v. Fidelity Title and Mortgage Co., 116 N.J. Eq. 409,415, and In re Guarantee Mortgage and Title Insurance Co.,128 N.J. Eq. 48, 49. The above cases cannot be said to sustain the commissioner's contention. The Guarantee Mortgage andTitle Insurance Co. Case held that where the court had previously made a decree holding that the obligations under title insurance policies would terminate unless a claim thereunder should occur within two years and that where such a provision was equitable a non-objecting policy holder could not complain after the expiration of said time limit.
It seems to me that the case of In re Citizens Title Insuranceand Mortgage Co., 127 N.J. Eq. 551, applies to the cases now before me. It was there held that contingent claims should be considered whenever consistent with equity and good conscience. In the last above mentioned case Vice-Chancellor Lewis (at p.553), said:
"It is contended on behalf of the trustee in liquidation that the Home Owners' Loan Corporation has no provable claim at all, since the only obligation of the Citizens Company under its policies of insurance is to pay losses incurred by reason of defective titles, and that no such losses have been or can be proved up until the present time, there can be no claim whatever. The Home Owners' Loan Corporation paid $40 each for the policies and in each case has received, to a certain extent, a consideration therefor, that is to say, the benefit of a search. But this does not entirely discharge the obligation under the policy, since at some time in the future *Page 151 
defects in title may appear. It would, however, be clearly unjust and improper to indefinitely tie up the statutory deposit while waiting for such claims to mature. The rule of practicality and convenience requires that in cases such as this, the claims be disposed of once and for all.
"In the present instance, the amount of the claim of the Home Owners' Loan Corporation may be readily determined at the cost of re-insurance. * * * The principle of making provisions for contingent claims, instead of completely wiping them out by distribution of all assets, has been recognized as a principle of equity in the recent cases of Aetna Casualty and Surety Co. v.International Re-Insurance Corp, supra, and in Beatty v.Paterson-Garfield-Lodi Bus Co., 126 N.J. Eq. 472 (at p.475)."
The commissioner says that there is a difference between theCitizens Title Insurance and Mortgage Co. Case and the one now pending before me for the reason that New Jersey Guarantee and Trust Company has no statutory deposit with the Department of Banking and Insurance. That argument ignores the equitable rule that equity will protect the rights of those holding a contingent claim whenever it is possible to do so without substantial detriment to the rights of other creditors.
I have, therefore, concluded that the complainants are entitled to some protection. The New Jersey Realty Title Insurance Company has offered to reinsure the titles involved in the above matters at a reasonable cost. The figures submitted by said company may be used in determining the amount of the claims for which the complainant may file. The complainants will be permitted to file claims as general creditors for the cost of reinsurance against the general assets of the defendant company. I will fix a time within which such claims may be filed when the form of decree is presented. If they choose not to reinsure they will not be permitted to file a claim. If they desire to reinsure with some company other than the one mentioned above they may prove either for the actual cost of such reinsurance or the cost offered by the New Jersey Realty Title Insurance Company, whichever is lower. *Page 152 
The matters relative to cost of reinsurance were not to be made public and, therefore, I think it not necessary to include these figures in the opinion of the court. The first suit involves about 60 policies and the second suit about 200 policies. Some method should be agreed upon between counsel which will allow the files of the defendant to be available for the inspection of the reinsurer in order that the best price may be obtained.