156 N.J. Super. 340 (1978)
383 A.2d 1170
FLORENCE FENGYA, AS NEXT FRIEND OF BARBARA FENGYA, A MINOR, PLAINTIFF-RESPONDENT,
v.
WILLIAM FENGYA, AND THE HOME INDEMNITY COMPANY, A CORPORATION AUTHORIZED TO TRANSACT BUSINESS IN NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 15, 1978.
Decided February 23, 1978.
*342 Before Judges HALPERN, LARNER and KING.
Mr. Stanley R. Bright, attorney for appellant The Home Indemnity Company (Mr. Kevin F. McCormick on the brief).
Mr. Mortimer L. Mahler, attorney for respondent.
The opinion of the court was delivered by HALPERN, P.J.A.D.
This appeal presents an issue of first impression in New Jersey, namely, whether counsel fees are allowable under R. 4:42-9(a)(6) in an action against a surety company on a guardian's bond. The trial judge allowed counsel fees, and we now reverse.
The undisputed pertinent facts follow. William Fengya, father of his minor daughter Barbara, was appointed by the Passaic County Surrogate as guardian of Barbara's funds totalling $2,000 which she had recovered in a negligence suit. A guardian's bond of $2,000 was executed by the guardian and appellant Home Indemnity Co. binding themselves to the Superior Court of New Jersey, and filed with the surrogate in accordance with N.J.S.A. 3A:7-1(d). The bond was conditioned upon William Fengya's faithfully executing *343 his guardianship according to law. If he complied, the bond was to be void, otherwise it was to remain in full force and effect.
Over a period of about ten years William Fengya withdrew all but $6.46 of Barbara's funds and absconded. None of the moneys withdrawn were ever used for Barbara's benefit. No accounting was ever filed and, prior to the institution of these proceedings by plaintiff Florence Fengya, mother of Barbara as her next friend, no court order was ever entered to compel appellant to pay under the bond.[1] Nor did appellant ever disclaim responsibility on the bond. Its efforts, after learning of the misappropriation, were directed toward ascertaining the facts.
Following the institution of these proceedings a consent judgment was entered for appellant to pay $2,000 to a substitute guardian appointed by the court. We assume there has been compliance therewith. Subsequently, plaintiff's attorney applied for counsel fees and costs, which were allowed on the authority of R. 4:42-9(a)(6). This appeal is concerned only with that determination.
The rule provides:
4:42-9. Counsel Fees.
(a) Actions in Which Fee is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except
(1) In a matrimonial action, * * *
(2) Out of a fund in court. * * *
(3) In a probate action, * * *
(4) In an action for the foreclosure of a mortgage, * * *
(5) In an action to foreclose a tax certificate or certificates, * * *
(6) In an action upon a liability or indemnity policy of insurance, in favor of a successful claimant.
* * * * * * * *
*344 The rule was originally adopted in response to widespread abuses by courts and attorneys with respect to allowances of counsel fees in Chancery prior to 1948. See Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 167 (1960). By the adoption of the Rule, the Supreme Court severely limited the instances wherein counsel fees could be allowed on the theory that each litigant should bear the costs of prosecuting and defending his own interests. Courts have strictly construed the rule so as to limit its effect to the specified instances stated in the Rule. See Gerhardt v. Continental Ins. Co., 48 N.J. 291, 300-301 (1966).
However, subparagraph (a)(6) of the rule, with which we are here concerned, was adopted by amendment in 1971 to enable an insured to recover his expenditure for counsel fees and costs when the insurer wrongfully refuses to defend under its policy of liability or indemnity insurance. See Pressler, Current N.J. Court Rules, Comment R. 4:42-9(a)(6). Therefore, it becomes essential to ascertain the kind of liability and indemnity insurance which was envisioned by the Supreme Court to determine whether the guardian's bond here involved falls within those terms.
When the rule authorizes an allowance of counsel fees "in an action upon a liability or indemnity policy of insurance, in favor of a successful claimant" it has reference to the ordinary situation where one buys insurance to obtain protection against liability to third parties and to be indemnified when called upon to pay. It would be confusing and misleading to attempt to define a liability or indemnity policy of insurance because of the great variety of such policies and because their characteristics are often interchangeable. This is indicated by the definition of liability insurance in 1 Couch on Insurance 2d, § 1:67 at 79 (1959):

§ 1:67. Liability insurance
Liability insurance is comprehensive of a wide variety of insurances. In number of policies outstanding, automobile liability occupies the preeminent position. This form of insurance is compulsory in some jurisdictions. Of equal importance from the standpoint of *345 the particular risk and the particular insured are other forms such as public liability, products liability, contractors' liability, etc.
Liability policies are classified as between true liability and indemnity. The former is protection against liability; the latter is for indemnification against loss sustained by having been obliged to pay a judgment. The modern trend, accentuated by statutory requirements in many instances, is that the contract be one of liability rather than of mere indemnity.
The significant thing to note here is that whether it is called liability or indemnity insurance, the contract is solely between the insured and the insurer wherein the insurer agrees to protect the insured against third-party claims.
On the other hand, the guardian's bond here involved is in effect an insurance guaranty contract made between the insurer and the court to protect the ward's estate against loss resulting from the wrongful acts of the guardian. Guaranty insurance is defined in 1 Couch on Insurance 2d, § 1:55 at 70, thusly:

§ 1:55. Guaranty insurance.
Guaranty or surety company insurance is a contract whereby one, for a consideration, agrees to indemnify another against loss arising from the acts or defaults of the principal.
An essential distinction between a contract of indemnity and one of guaranty or suretyship is that in the former the promisor undertakes to protect the promisee against loss or liability to a third person, whereas the latter undertaking is to protect the promisee from the acts of a third person.
Another distinction is that the promise in an indemnity contract is an original and not a collateral undertaking, while a contract of guaranty is a secondary and not a primary obligation, and can exist only where there is some principal or substantive liability to which it is collateral.
For a more detailed but similar view, see Restatement, Security, § 82 at 228-239 (1941), and 41 Am. Jur.2d, Indemnity, § 4 at 689-690.
In short, the guardian's bond issued herein by appellant neither insures against liability nor agrees to indemnify an insured  rather, it agrees to pay for any defalcations of *346 the guardian (up to $2,000), provided the court (a) determines there has been a defalcation by the guardian, (b) determines the amount thereof, (c) has removed the guardian and (d) has ordered the surety to pay such designated sum to a substituted guardian. Prior to the filing of the within suit the court did not decide that a defalcation had taken place, it did not remove the guardian, nor did it forfeit the bond and order appellant to pay any specified amount to a substitute guardian. Appellant had the right to insist upon the court's formal determination of these issues before paying the $2,000 in order to comply with the aforementioned requirements and to protect its own interests. See 13 Couch on Insurance 2d, § 46:125 at 204 (1965), wherein the author states in relevant part:
A verdict against a surety on a guardian's bond is sustained by evidence that such guardian had been removed from office by order of the court, the amount due from him to the ward ascertained, and judgment entered ordering that amount to be paid over to the person entitled thereto, and that his successor had been duly appointed and qualified, and had demanded the amount so found due, and that payment of it, or of any part thereof, had been refused.
The generally accepted rule is that when a surety on a guardian's bond pays for the defalcation of the guardian it is subrogated to the rights of the court and the ward against the guardian and anyone else legally responsible for such defalcation. See Anacostia Bank v. United States Fidelity & Guar. Co., 73 App. D.C. 388, 119 F.2d 455, 456 (D.C. Cir.1941); Fidelity & Cas. Co. of New York v. Heitman Trust Co., 317 Ill. App. 256, 46 N.E.2d 155 (App. Ct. 1943); Bater v. Cleaver, 114 N.J.L. 346 (E. & A. 1935); 16 Couch on Insurance 2d, § 61.283 at 392 (1966). See also, N.J.S.A. 3A:7-17 which keeps alive the personal liability of the guardian even after the surety is discharged.
Theoretically, if appellant were able to locate and sue William Fengya, it could recover the full amount it paid to reimburse Barbara's estate. However, absent a court order *347 making the findings previously referred to and ordering appellant to pay, it could not be discharged from its bond. N.J.S.A. 3A:7-15. If appellant paid the $2,000 without such order, it could not recover from William Fengya because it would be a mere volunteer. See Deskovick v. Porzio, 78 N.J. Super. 82 (App. Div. 1963).
Accordingly, we hold that the guardian's bond here involved is not a liability or indemnity policy within the purview of R. 4:42-9(a)(6), and the trial judge was without the power to allow counsel fees. See Karl v. N.Y. Life Ins. Co., 154 N.J. Super. 182, 187-188 (App. Div. 1977). In view of our holding, it is unnecessary for us to consider appellant's argument that the trial judge abused his discretion in allowing counsel fees because appellant had acted in good faith.
The judgment entered below allowing counsel fees is reversed. No costs.
NOTES
[1] We point out that these proceedings should have been brought in the name of the State pursuant to N.J.S.A. 3A:7-21 to forfeit the bond and assess damages under N.J.S.A. 3A:7-22.