251 N.J. Super. 501 (1991)
598 A.2d 940
IN THE MATTER OF THE LIQUIDATION OF INTEGRITY INSURANCE COMPANY.
Superior Court of New Jersey, Chancery Division Bergen County, General Equity Part.
Decided July 18, 1991.
Thomas Novak, for Liquidator of Integrity Insurance Company (Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, attorneys).
*502 Richard R. Spencer, Jr., for N.J. Property-Liability Insurance Guaranty Association (Bressler Amery & Ross, attorneys).
Joseph L. Cook, for Ingersoll Rand Financial Corp. (Ravin Sarasohn Cook Baumgarten Fisch & Baine, attorneys).
Richard H. Bagger for Ameritrust Company National Assoc., LaSalle National Bank, Bank of N.Y., First Fidelity Bank, N.A. and First Federal Savings Bank of New Orleans (McCarter & English, attorneys).
Barry G. Saretsky, for Credit Lyonnais (Bower & Gardner, attorneys) and David J. Reich (Wolff & Samson, attorneys).
Peter Petrou for Kentucky Insurance Guaranty Assoc. (Cuyler, Burk & Matthews, attorneys).
David C. Pennella for Boatman's National Bank (Pennella & Claps, attorneys).
Glenn R. Turtletaub for Sam Klein (Greenberg, Margolis, attorneys).
Linda Pickering for Centerbank (Lowenstein Sandler Kohl Fisher & Boylan, attorneys).
Brad S. Schenerman for Single Ply International, Inc.
MEEHAN, J.S.C.
Integrity Insurance Company was a New Jersey stock insurance company that issued various types of insurance policies as well as surety bonds. Integrity was declared insolvent by an order of liquidation dated March 24, 1987 under section 26 of the New Jersey Insurers Liquidation Act, N.J.S.A. 17:30C (hereinafter the "liquidation act"). The New Jersey Commissioner of Insurance was appointed liquidator. Pursuant to procedures established in N.J.S.A. 17:30C-20 and implemented by an order dated July 8, 1987, approximately 26,000 claims were filed against the Integrity estate in liquidation (hereinafter "Integrity"), of which an estimated 856 arose from surety bonds written by Integrity. Special masters were assigned to hear and decide these claims.
*503 The Commissioner of Insurance, acting in his capacity as liquidator of Integrity, brought this motion to establish the priority status of surety bond claimants. The motion was on notice to all surety bond claimants and guaranty funds. If surety bond claimants are entitled to fifth priority in the distribution of the estate's assets, the liquidator and the claimants have indicated an unwillingness to participate in further proceedings. Thus, to establish their status before all claims have been presented and decided by the special masters, in the interest of judicial economy and with the intent that this issue be resolved without further expenditure of funds, this motion has been made, entertained and decided.
The issue in this motion is whether surety bonds are "insurance policies and insurance contracts" within the meaning of N.J.S.A. 17:30C-26(c)(4). If so, holders of surety bonds are entitled to a higher priority in the asset distribution of an insolvent insurer than that afforded to holders of "all other claims," N.J.S.A. 17:30C-26(c)(5). The statute, N.J.S.A. 17:30C-26(c), provides that the priority of distribution in a liquidation proceeding is as follows:
(1) Expenses of administration;
(2) Compensation of employees as provided in subsection (a) of this section;
(3) Claims for taxes and debts due to Federal or any state or local government which are secured by liens perfected prior to the commencement of delinquency proceedings;
(4) Claims by policyholders, beneficiaries and insurers arising from and within the coverage of and not in excess of the applicable limits of insurance policies and insurance contracts issued by the company and liability claims against insurers which claims are within the coverage of and not in excess of the applicable limits of insurance policies and insurance contracts issued by the company and claims presented by the New Jersey Property-Liability Insurance Guaranty Association and claims presented by any similar organization in another state.
(5) All other claims.
The significance of this question is that claimants entitled to priority distribution under the fourth priority, N.J.S.A. 17:30C-26(c)(4) are far more likely to receive some payment of their claims than those in the fifth priority, N.J.S.A. 17:30C-26(c)(5).
*504 The liquidator places reliance on Grode v. Mutual Fire, Marine & Inland Ins. Co., 132 Pa.Cmwlth. 196, 572 A.2d 798 (1990), a case of first impression in Pennsylvania. There, the court held surety bondholders were not holders of "claims against insurance policies." Id. 572 A.2d at 801. The Pennsylvania statute at issue, 40 Pa.Stat. § 221.44, provides:
The order of distribution of claims from the insurer's estate shall be in accordance with the order in which each class of claims is herein set forth. Every claim in each class shall be paid in full or adequate funds retained for such payment before the members of the next class receive any payment. No subclasses shall be established within any class.
(a) ...
(b) ...
(c) All claims under policies for losses wherever incurred, including third party claims and all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are not under policies, shall have the next priority. All claims under life insurance and annuity policies, whether for death proceeds, annuity proceeds, or investment values, shall be treated as loss claims. That portion of any loss, indemnification for which is provided by other benefits or advantages recovered by the claimant, shall not be included in this class, other than benefits or advantages recovered or recoverable in discharge of familial obligations or support by way of succession at death or as proceeds of life insurance, or as gratuities. No payment made by an employer to his employee shall be treated as a gratuity.
The Pennsylvania statute uses very different language to govern liquidation priorities from the applicable New Jersey insurer liquidation statute. The New Jersey statute concerns itself with "claims arising from insurance policies and insurance contracts." The Pennsylvania statute deals with "claims under policies for losses ... and all claims against the insurer for liability for bodily injury or for injury to or destruction of personal property...."
The Grode court held that the exclusion of surety bond claimants from the Pennsylvania Property-Liability Guaranty Association was evidence of legislative intent to afford surety bondholders lower priority in insurer insolvency proceedings than that allowed insurance consumers holding traditional policies. 572 A.2d at 807. The surety bond claimants here argue that the fact that the New Jersey Property-Liability Insurance Guaranty Act (N.J.S.A. 17:30A et seq., hereinafter "the P-L *505 guaranty act") does not apply to surety bonds has little bearing on the priority status of surety bond claimants in insolvency proceedings. The P-L guaranty fund covers "all kinds of direct insurance, except life insurance, accident and health insurance [and] ... surety bonds...." It excludes from the guaranty fund's coverage, surety bonds as well as certain forms of direct insurance which are without dispute afforded a fourth priority status. N.J.S.A. 17:30C-26. There is no evidence that by enacting the P-L guaranty act, the New Jersey Legislature intended to remove surety bonds from the class of insurance policies or insurance contracts afforded fourth class priority. This specific exclusion is to this court, strong evidence that the Legislature considered surety bonds to be a form of insurance, and for that reason specifically excluded surety bonds from the P-L guaranty fund.
The liquidator and guaranty funds argue that surety bond claims should be relegated to fifth priority as that would improve the guaranty funds' fiscal condition. The inclusion of guaranty fund claims in fourth priority status does not change the fact that this level of priority is shared by claimants under insurance policies and contracts. If the Legislature had intended to allow a higher priority status for guaranty funds than for other fourth priority claimants, it could have so provided.
There is no evidence that all claims presented by a foreign guaranty association are to be afforded priority over other claims receiving fourth priority status. There is another New Jersey guaranty association created by the Surplus Lines Guaranty Fund Act, N.J.S.A. 17:22-6.70.[1] There is also proposed an act creating a Life and Health Insurance Guaranty Association. Assembly Bill No. 3641 (1990-91 Legislative Session). These other funds encompass claims not covered by the P-L guaranty *506 fund. No one here argues that life insurance should be removed from the fourth priority class even though not covered by a guaranty fund.
The New Jersey Legislature's failure to include surety bonds in a guaranty fund is not a showing of legislative intent not to consider surety bonds as insurance policies or insurance contracts within the meaning of N.J.S.A. 17:30C-26(c)(4).
The weakness of the guaranty fund's argument is that other states' funds cover surety bond claims,[2] and have been presented to the liquidator and granted fourth priority status. To accept the liquidator's argument would lead to the anomaly that guaranty fund claims from surety bonds presented by other states would receive fourth priority status, but New Jersey residents with surety bond claims would not receive the same protection. This court does not find this the desired and intended result of the Legislature affording guaranty funds the same priority status as claims under insurance policies and contracts. Our courts have dealt with whether surety bonds are insurance policies or contracts.
The case of Aetna Casualty & Surety Co. v. International Re-insurance, 117 N.J. Eq. 190, 175 A. 114 (Ch. 1934) stands for the proposition that under New Jersey law, surety bondholders are equivalent to insurance "policyholders." The Aetna court recognized that surety bondholders may share with other policyholders in the distribution of statutory deposits created "for the benefit ... of all policyholders." Id. at 195, 175 A. 114. Aetna and others following it pre-date the current liquidation act. There is no basis in the language of N.J.S.A. 17:30C-26(c) for deviating from the settled view that surety is insurance. This view has been followed in In re N.J. Fidelity & Plate Glass Insurance Co., 15 N.J. Misc. 384, 191 A. 475 (Ch. 1937) *507 and In re Citizens Title Insurance and Mortgage Co., 127 N.J. Eq. 551, 15 A.2d 57 (Ch. 1940).
There is no reported case in New Jersey holding that surety is not insurance. Rather, in Fengya v. Fengya, 156 N.J. Super. 340, 383 A.2d 1170 (App.Div. 1978), the court found a surety agreement was not a "liability or indemnity policy of insurance" under the language of R. 4:42-9; but rather an "insurance guaranty contract." The liquidator wants to take that finding to mean that surety bonds are not insurance policies or contracts. Such was not the holding. Fengya should be and is limited to its holding, with which the court agrees, that surety bonds are not liability or indemnity insurance. That is true of many other types of insurance, such as health and life insurance.
The New Jersey insurance statutes also uniformly define insurance to encompass surety bonds. Title 17 provides a definition of insurance: "a policy of insurance, without otherwise limiting its meaning, shall include ... guaranty and surety bonds." N.J.S.A. 17:29A-1(1)(e). These provisions govern insurance in a variety of contexts and provide for surety bond issuers to be treated in all respects as insurers. Thus, surety companies fall under the auspices of the Commissioner of Insurance for all relevant purposes, including incorporation, regulation, statutory deposit requirements and insolvency proceedings. See N.J.S.A. 17:17-1(g); N.J.S.A. 17:20-2; N.J.S.A. 17:22A-2(e); N.J.S.A. 17:29A-1(1)(e); N.J.S.A. 17:32-5; and N.J.S.A. 17:46B-1(b). Further, the New Jersey Administrative Code specifically defines "insurance contract" to include surety bonds. N.J.A.C. 11:17.
This court finds New Jersey law clear: surety is insurance. There may be characteristics of suretyship which differentiate it in some ways from such traditional "insurance policies" as property and casualty insurance. Claims against surety bonds arise from "insurance policies and insurance contracts" within the meaning of N.J.S.A. 17:30C-26(c)(4).
*508 Surety bonds are understood to be insurance under New Jersey case law. All claims by policyholders, beneficiaries and insurers, including surety bondholders, arising from and within the coverage of and not in excess of the applicable limits of insurance policies and insurance contracts issued by Integrity fall within the fourth priority of N.J.S.A. 17:30C-26(c)(4). This court makes no finding as to the claims of specific surety bondholders, which are remanded to the special masters for individual determination.
NOTES
[1] This court is aware of the automobile insurance guaranty fund, N.J.S.A. 17:33B-5, but notes that it is not truly a guaranty fund as it was intended to prevent losses in the Joint Underwriting Association and not cover a particular area of insurance.
[2] Other states extend guaranty fund coverage to surety bonds (e.g., Ky. Rev. Stat. Ann. 304.36-010 et seq.)