**TRIANGLE ENGINEERING CORPORATION v. TRAVELERS INDEMNITY CO.**

**SALENIUS v. TRIANGLE ENGINEERING CORPORATION.**

**Civ. A. Nos. 3945, 3742.**

District Court, E. D. New York.

June 10, 1947.

Vincent H. McInerney, of Hollis, L. I. (Benjamin Machinist, of White Plains, N. Y., of counsel), for plaintiff George Salenius.

Garey, Kissam & Garey, of New York City, for Travelers Indemnity Co.

BYERS, District Judge.

The Court is required to decide the question of the right of a Surety, under performance and completion bonds, to recover special counsel fees incurred by it in litigation between the subcontractor for whom the bonds were given, and his contractor.

By consent the subject was withdrawn from consideration by the jury at the outset of the trial, since the other issues were sufficiently complicated.

Salenius, the subcontractor sued Triangle Engineering Corporation, the contractor, for breach of contract for carpentry work in connection with a housing development, concerning the latter's obligation to pay for extras. The contract had been more than 80% completed when the dispute assumed such an aspect that Salenius withdrew from the job, asserting that Triangle had breached the contract, and he brought an action for damages based upon the reasonable value of the work, labor, services performed, and the materials furnished. That suit was in the Supreme Court of New York, and was removed by the defendant to this Court because of diversity of citizenship.

The Triangle then sued the Travelers separately on one of the bonds which it had written for Salenius. The latter was called upon to defend that action by the Surety and agreed to do so. Then the Travelers vouched Salenius into the second suit, for the purpose of procuring therein, from him, the amount of any recovery which Triangle might establish under the bond. The position of Travelers was not so equivocal as it might seem; it asserted that Salenius was entitled to recover against Triangle, but, to avoid circuity, sought to protect itself in the event that Salenius should be found at fault.

█ I can see no difference in the Travelers' rights, between what they would have been if the cases had not been consolidated for trial as they were, and what they would have been otherwise. If the cases had been tried separately, the verdict in the first would have determined the outcome of the second, for if Salenius had prevailed in his cause (as he did) it would follow that the Triangle had no cause against the Travelers, since Salenius would then not have been in default under his contract. A contrary verdict, however, would have resulted in Triangle's having a prima facie cause against the Travelers for whatever sum Salenius' default was liquidated at by the jury. The third-party complaint by Travelers in the second cause merely avoided the necessity for a separate action against Salenius based upon his indemnity agreement.

█ Thus it seems clear that the Surety must stand or fall upon the terms of the indemnity agreement, and that the procedural complexities above recited have no bearing upon the rights and liabilities of the parties.

The presently material part of the contract is: "III. That the Indemnitor * * * will at all times indemnify and save the Company harmless from and against every claim, demand, liability, cost, charge, counsel fee (including fees of special counsel whenever by the surety deemed necessary) * * * and in case the In-

demnitor requests the Company to join in the prosecution or defense of any legal proceeding, the Indemnitor will, on demand of the Company, place it in funds sufficient to defray all expenses and all judgments that may be rendered therein."

The foregoing is too plain to admit of discussion concerning the liability of Salenius to pay the charges for counsel fee involved in the conduct of legal proceedings arising out of the giving of the bond issued pursuant to the indemnity agreement, so far as the issues between the Travelers and the Triangle are concerned.

The contentions for Salenius are:

(1) That the Travelers waived its right to be held harmless by Salenius, by demanding that he defend the Company in the suit brought by Triangle.

The demand relied upon is as follows:

"The Travelers
"The Travelers Indemnity Company
"Hartford, Connecticut
"100 East 42d Street
"New York 17, N. Y.
"June 30, 1944
"Registered Mail
"111 FS 57
"Triangle Engineering Corp.—Obligee
"George Salenius—Principle
"Bond #44128

.   .   .   .   .   .

"Mr. George Salenius
"184 Roosevelt Street
"Franklin Square, New York
"Dear Sir:

"We are served in an action for $15,-292.29 filed on June 26, 1944 in the District Court of the United States for the Eastern District of New York, by the Triangle Engineering Corp., as Plaintiff.

"We are Defendant in this action by reason of having executed in your behalf our Performance and Payment Bond #44128 in favor of Triangle Engineering Corp., as Obligee. Answer is returnable on or before July 19, 1944.

"We hereby call upon you to promptly furnish us with the name and address of the attorney you will retain to defend us in this action at your cost and expense, and it shall be understood that we shall look to you in keeping with your obligation under the bond to save us harmless from any judgment which may be rendered against us.

"Very truly yours,
"H. R. Reddy, Adjuster.
"WEG:JP        "Per: W. E. Grammer, Jr."

It will be seen that the foregoing was written by an adjuster, and since the contract, by paragraph IX, could not be changed or modified except by a specified officer, the letter was not efficacious to amend the contract, by waiver or otherwise; nor can it be said that the right to retain special counsel within paragraph III was incompatible with the request stated in the letter.

Many reasons vindicate the necessity for retention by the Surety of control of its advocacy in so important a matter as litigation in which its interests are at stake, with regard to performance of one for whom it has given bond.

The present attorney of record for Salenius wrote to the Travelers on July 10, 1944, in answer to the letter quoted, stating that he was authorized to defend the action for the Company at the expense of Salenius, and asking for a copy of the Summons and Complaint.

On July 19, 1944, the following was written in reply:
"Dear Sir:

"Our client, The Travelers Indemnity Company, has sent us a copy of your letter of July 10, 1944 in respect of the defense of the action commenced in the District Court of the United States for the Eastern District of New York by the Triangle Engineering Corporation against The Travelers Indemnity Company, and has asked us to reply to it.

"We understand that you have been advised that we have been retained to defend the action on behalf of The Travelers. We understand that the action commenced by you on behalf of Mr. Salenius in the Supreme Court, Nassau County against Triangle Engineering Corporation has now been removed to the same court in which the above action is pending. It would appear that it is perhaps the intention of the

Triangle Engineering Corporation to attempt to consolidate the two actions.

"Since the issues involved in both actions are very much the same as we shall undoubtedly have occasion to communicate with you and your client with respect to the defense on behalf of The Travelers, and we, on our part, will be glad to cooperate with you in the action brought on behalf of Mr. Salenius.

"Yours very truly,
"CEP:MT    "Murray, Kissam & Hayden."

Apparently there was no later assertion for Salenius that the Surety could not look to him for the compensation of its counsel, although such a protest would have been appropriate in view of the foregoing.

I conclude therefore that there was no waiver on the part of the Travelers of its claims against Salenius based upon the quoted portion of the indemnity agreement.

 (2) That Salenius "cannot be held for Attorney's fees in this suit insofar as it is a suit on the indemnity agreement."

This contention is sought to be justified because, as it is argued, (a) Travelers has incurred no liability because of the suit by Triangle. Obviously this is unsound, for it was called upon to defend that suit, i. e., incur counsel fee in that behalf.

(b) It would have incurred no liability if it had allowed Salenius to perform his agreement (i. e. to provide his own lawyer to defend the Surety). This is to judge the claim by the outcome of the suit, which is scarcely a convincing position as a matter of reasoning.

(c) That "Salenius did not request Travelers to join in the defense or prosecution of either case".

Under the indemnity agreement, the Surety did not have to request anything. It was sued by Triangle and had to defend itself, which involved defending Salenius because their interests were coincident.

It is possible to sympathize with Salenius since, with a verdict of about $500.00 in his favor, he is confronted with two lawyer's bills; it would be a gracious thing for the Travelers to recognize the hardship thus created, but it scarcely imposes upon the Court the duty of rewriting the indemnity agreement.

 So far as the Travelers' disbursements incurred in inspecting at the job at the time that Salenius gave notice that he might be forced to quit because of the attitude of Triangle, it seems to me that those outlays were part of the Surety's cost of operations, and were undertaken in order to enable it to decide whether to take over the job in the event that Salenius should withdraw. After all, its bonding business is conducted for profit, and the premiums are based upon some expectation of business expense.

The lawyer's fees and disbursements are clearly covered by the indemnity agreement, and will be awarded in a sum to be stated in the order to be entered hereon, a suitable space being left for the purpose.

The motions for directed verdict seem not to have been formally disposed of, as decision was reserved at the trial. They are denied.

Settle order.