15 N.J. Super. 20 (1951)
83 A.2d 1
MARYLAND CASUALTY CO., A CORPORATION, PLAINTIFF-APPELLANT,
v.
HANSEN-JENSEN, INC., A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 23, 1951.
Decided August 15, 1951.
*22 Before Judges McGEEHAN, SMALLEY and HANEMAN.
*23 Mr. Newton H. Porter, Jr., argued the cause for appellant (Messrs. Porter & Hobart, attorneys).
Mr. John F. Ryan argued the cause for respondent (Messrs. Ryan & Saros, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff sued the defendant in the Superior Court, Law Division, and according to the pretrial order based its action on the second and third paragraphs of an indemnity agreement. The facts were stipulated and the cause was submitted to the court sitting without a jury. Judgment was entered for the defendant and the plaintiff appeals.
On January 23, 1941, the defendant entered into a written contract with Levy Bros. for the making of certain alterations and repairs to premises owned by Levy Bros., by the terms of which the defendant agreed to furnish Levy Bros. with a contractor's performance bond. The defendant made application in writing to the plaintiff on a printed form prepared by the plaintiff for the issuance of such a bond, and it is upon the indemnity agreements contained in this application that the present suit is based. The plaintiff wrote the bond and the defendant undertook the performance of its contract with Levy Bros. During the progress of the work a dispute arose between Levy Bros. and the defendant, as a result of which Levy Bros. sued this defendant and joined this plaintiff as a party defendant in its role as surety. This defendant then, through John F. Ryan, Esq., instituted a suit against Levy Bros. to recover an unpaid balance due on its contract. The cases were consolidated and tried together. Mr. Ryan filed an affidavit of merits for this defendant in the Levy Bros. suit, and during all the subsequent proceedings in both cases Mr. Ryan's participation was at the request of and in the interests of this defendant. The trial of the two cases in January, 1947, resulted in verdicts of no cause of action in favor of this plaintiff and this defendant in the Levy Bros. *24 suit, and in a verdict in favor of this defendant in its suit against Levy Bros.
On July 7, 1941, the plaintiff wrote the defendant stating that on July 2, 1941, it was served with suit papers in the Levy Bros. action and "In accordance with your Indemnity Agreement to hold and save us harmless from any and all liability for damages, loss, costs, charges and expenses of whatsoever kind or nature, including counsel and attorney fees, we hereby tender to you the defense of this action on behalf of the Maryland Casualty Company and shall look to you to save us harmless from any loss, costs or expense of whatsoever nature, including legal fees. Kindly acknowledge receipt of this letter, advising us if you will accept the tender of the defense hereby made on behalf of the Maryland Casualty Company, at your expense." On July 9, 1941, the defendant answered: "We hereby acknowledge receipt of your Registered letter of July 7th. We further wish to advise you that, in the event that the above matter is taken to court, we will provide your company with our legal talent at our cost." Pursuant to defendant's letter of July 9, 1941, the defendant apparently provided the plaintiff with the services of Jay F. Dailey, Esq. On July 16, 1941, the plaintiff wrote Mr. Dailey: "Pursuant to letter received from Hansen-Jensen, Inc., dated July 9, 1941, copy of which is hereto attached, you are hereby authorized to appear on behalf of the Maryland Casualty Company, in the above-captioned case and protect our interest. It is, of course, understood that you will look to Hansen-Jensen, Inc., our principal, for payment of your legal services rendered in this case." Mr. Dailey appeared in the Levy Bros. suit as attorney of record for this plaintiff throughout all the proceedings.
In addition, this plaintiff directly retained Joseph Coult, Esq., to protect its interests in the Levy Bros. suit. Mr. Coult attended several conferences with Mr. Dailey and appeared throughout the trial, although Mr. Dailey alone conducted the examination of the witnesses. After the trial of the two cases in January, 1947, Mr. Coult rendered a bill *25 to the plaintiff for $1,809.75, for his services to the plaintiff in the Levy Bros. suit, which was paid by the plaintiff. Demand was made on the defendant to reimburse the plaintiff for this payment to Mr. Coult, and upon defendant's refusal to pay, the plaintiff brought the present suit to recover therefor.
The second and third paragraphs of the indemnity agreement, upon which the plaintiff relies, are entirely in print and in pertinent part provide:
"SECOND. The undersigned will at all times indemnify and keep indemnified the Company, and hold and save it harmless from and against any and all liability for damages, loss, costs, charges and expenses of whatever kind or nature (including counsel and attorney's fees, which the Company shall or may, at any time, sustain or incur by reason or in consequence of having executed the bond(s) herein applied for * * * and will pay over, reimburse and make good to the Company, its successors and assigns, all money which the Company or its representatives shall pay, or cause to be paid, or become liable to pay, by reason of the execution of any such instruments, or in connection with any litigation, investigation or other matters connected therewith * * * That in any accounting which may be had between the undersigned and the Company, the Company shall be entitled to credit for any and all disbursements in and about the matters herein contemplated, made by it in good faith under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether such liability, necessity or expediency existed or not, and vouchers or other evidence of such disbursements shall be taken as conclusive evidence against the undersigned of the fact and extent of the undersigned's liability to the Company. * * *
THIRD. The undersigned does hereby further agree to indemnify the said the MARYLAND CASUALTY COMPANY against any suit or claim brought or instituted against said Company, whether such suit or claim be rightfully or wrongfully brought or instituted, and in case suit shall be brought upon said bond(s) the Surety shall be at liberty to employ an attorney of its own selection to appear and defend the suit in its behalf at the expense of the undersigned."
It is admitted that all the services of Mr. Dailey and of Mr. Coult to this plaintiff were rendered after the institution of the Levy Bros. suit on the bond and in connection therewith, and that this defendant is liable for the charges of Mr. Dailey for his representation of the plaintiff as attorney of *26 record in that suit. The question is whether the defendant is also liable for the charges of Mr. Coult.
The third paragraph of the indemnity agreement deals specifically with the liability of the defendant in case a suit on the bond is instituted against the plaintiff, and it makes the defendant liable for the charges of one attorney of the plaintiff's selection to appear and defend the suit for the plaintiff. The payment by defendant of the charges of Mr. Dailey will meet this obligation in full.
The contention of the plaintiff is that the defendant is also liable for the payment of Mr. Coult's charges under the second paragraph, because the second paragraph imposes a general liability on the defendant to indemnify the plaintiff against any and all liability, including both counsel and attorney's fees. We find it unnecessary to consider whether the second paragraph, if it stood alone, would have such a wide sweep. But see Fidelity & Deposit Co. v. Crouse, 86 N.J.L. 55 (Sup. Ct. 1914).
There is no ambiguity in the third paragraph itself. If ambiguity arises when the second and third paragraphs are read together, it is of no aid to the plaintiff. The language used in the second and third paragraphs is the language of the plaintiff; therefore, any ambiguity therein should be resolved by giving a meaning which is most favorable to the defendant. 3 Williston, Contracts (Rev. ed. 1936), § 621; Restatement, Contracts, § 236 (d); cf. United Deliveries, Inc., v. Norwich & Co., Ltd., 133 N.J.L. 393 (E. & A. 1945).
If there is an inconsistency between the second and third paragraphs when read together, plaintiff is in no better position. The provision in the second paragraph is general, but the provision in the third paragraph is specific. Where there is inconsistency between general provisions and specific provisions, the specific provisions ordinarily qualify the meaning of the general provisions. Restatement, Contracts, § 236 (c).
Nor can the third paragraph be dismissed as mere surplusage. The design of the parties to a written contract *27 is to be collected from the instrument as an entirety and the writing should be given a reasonable construction. Mantell v. International Plastic Harmonica Corp., 141 N.J. Eq. 379 (E. & A. 1947). The court will, if possible, give effect to all parts of the instrument, and an interpretation which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable. Cameron v. International Alliance, etc., U.S. & Canada, 119 N.J. Eq. 577 (E. & A. 1936); Restatement, Contracts, § 236(a); 3 Williston, Contracts (Rev. ed. 1936), § 619. As stated above, the language used is the language of the plaintiff. The only reasonable interpretation to be given the provision in the third paragraph is that it sets forth the whole liability of the defendant for legal services furnished in connection with a suit against the plaintiff on the bond. No other purpose which could be served by the inclusion of the particular provision of the third paragraph was suggested in plaintiff's brief and none was forthcoming at the questioning on the oral argument. Triangle Engineering Corp. v. Travelers Indemnity Co., 72 F. Supp. 112 (D.C., E.D., N.Y. 1947), cited by the plaintiff in its brief, is not in point.
The judgment is affirmed.