32 N.J. Super. 390 (1954)
108 A.2d 503
SOCONY-VACUUM OIL COMPANY, INCORPORATED, A NEW YORK CORPORATION, PLAINTIFF,
v.
LYDIA D. PABIAN, WIDOW, SQUIRE HOLDING COMPANY, A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 15, 1954.
*393 Messrs. Starr, Summerill & Davis, attorneys for plaintiff.
Mr. Aaron Marder, attorney for defendant Squire.
DREWEN, J.C.C. (temporarily assigned).
After careful consideration of the briefs and the facts, I am convinced that summary judgment on the counterclaim of defendant Squire must be awarded against the plaintiff and the defendant Pabian.
Counsel declare that the facts are in their entirety the subject of stipulation; and the facts upon which these conclusions are predicated I have obtained from the references made to them by both sides in the briefs. Part of the stipulation is that each of the letters in the case was written on the day of its date and received by the addressee on the day following. The substance of the controversy is plaintiff's preemptive right to purchase the subject property "on the same terms and conditions as those on which the undersigned (defendant Pabian) is willing to make such disposition to any other party." And the time limit for the exercise of the right is stated as follows: "The undersigned (defendant Pabian) shall give Socony-Vacuum prompt written notice of the said terms and conditions." And "if Socony-Vacuum exercises its option it shall do so in writing within sixty days after the receipt of such notice."
Defendant Pabian entered into her contract with Squire on May 13, 1954. Plaintiff Socony-Vacuum received notice of the projected sale on May 15, 1954 in the form of a letter from Pabian's attorney dated the prior day. I find that this letter was insufficient to comply with the notice prescribed by the terms of the preemptive right, but I also find that the attorney's subsequent letter to plaintiff of May 18 supplied the deficiency and made good the notice of Pabian to Socony-Vacuum of the sale proposed. Having received this notice, plaintiff asked for  or rather "suggested" that it be given, as reference in the briefs would indicate  a copy of Squire's sale contract. A copy was supplied and actually received by Socony-Vacuum on May 21, *394 1954. Concerning the latter date, plaintiff makes two important contentions. One is that it is the date from which the 60-day period is to run, and the other that "sixty days" is to be judicially noticed by the court as meaning, in commercial parlance, two calendar months. It is my judgment that both contentions are without merit.
There was nothing to entitle plaintiff to a copy of the contract and plaintiff's waiting until the copy was received did not postpone the inception of the 60-day period, which I find, as stated, to have begun on May 19, expiring July 18. As for the proposed judicial notice, the court is aware of and is presented with nothing to warrant plaintiff's proposition of proof by judicial notice. On the other hand, the law submitted for Squire and bearing on the import of the term "sixty days" impresses the court as indicating the prevailing authority on the question. It is also consonant with what, in the court's opinion, is the fair and rational view of the subject.
But let us consider the aspect of the matter most favorable to Socony and assume that the 60-day period did not begin until the receipt of the contract copy on May 21. Even so, the period as thus determined expired July 20, one day before Socony's telephone call of acceptance and two days before the receipt by Pabian of "written" acceptance by the Socony letter of July 21. It is in this connection, I repeat, that Socony asks the relief of the two-calendar-months theory upon which I have already expressed myself.
In the limitations to be put upon the exercise of an option of this character, time is normally of the essence. The distinction between the unilateral burden of an option and the mutual obligation of a contract is vital, and affords every reason for discerning between the two the difference that makes time of the essence in the one case though not in the other. 5 Pomeroy, Equity Jurisprudence (2d ed.), p. 4975, sec. 2229; Williston on Contracts (Rev. Ed.), sec. 853.
Under date of May 25 Socony wrote to Pabian's attorney, "We will advise you within sixty days of May 21 *395 as to the exercise of our preemptive right as provided in the preemptive right option dated May 9, 1947." As already stated, it is the time limit thus declared by plaintiff which lapsed on July 20.
The terms of the preemptive agreement with which we deal are set forth in a printed form of the plaintiff company, a form evidently used by it in general for cases of this kind. There can therefore be no doubt that all ambiguities must be resolved against the plaintiff, more particularly those that must be construed in favor of Squire as the party bound. United Deliveries, Inc. v. Norwich, etc., Ltd., 133 N.J.L. 393, 395 (E. & A. 1945); Maryland Casualty Co. v. Hansen-Jensen, Inc., 15 N.J. Super. 20, 26 (App. Div. 1951); Martindell v. Fiduciary Counsel, Inc., 133 N.J. Eq. 408 (E. & A. 1942).
A factor that pervades this whole problem emerges from the equities that attach to the position of Squire as contract vendee. By express terms of the preemptive right his status at this time is made plain, for it is therein provided: "This preemptive right shall be binding upon and shall enure to the benefit of the respective heirs, legal representatives, successors and assigns of the undersigned (defendant Pabian) and of Socony-Vacuum." Since the right accorded plaintiff had become binding upon Squire as a successor and assign of Pabian, the negotiations could not have been rightly concluded without him, as in fact, the remaining parties attempted to do. But aside from the letter of the document itself, Squire's standing as contract vendee is, without more, sufficient to create equities that could not be ignored. At no time was notice of any kind given him, though as early as May 13 Socony knew of his position in the transaction and was in possession of a copy of his contract.
There is a letter of July 12 by Pabian's attorney, Schlossberg, to Socony that contains the categorical statement by the attorney that "the sixty day waiting period to exercise your preemptive right will terminate July 21." Any attempt to predicate upon this letter an amendment of the *396 terms of the right is first met by the want of consideration. But aside from this, it can in no way bind Squire, who, as already noted, was from first to last without part in the dealings had. Haughwout v. Murphy, 22 N.J. Eq. 531, 546 (E. & A. 1871); People's Water Co. of Millville, N.J., v. City of Millville, 95 N.J. Eq. 732, 735 (E. & A. 1923); Pomeroy, Equity Jurisprudence (4th ed.), secs. 105, 368 and 2275.
Judgment for defendant Squire on his counterclaim.