164 N.J. Super. 193 (1978)
395 A.2d 928
MIDDLETOWN TOWNSHIP, ETC., PLAINTIFF,
v.
KARIN M. COLEN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 4, 1978.
*195 Mr. Jerry J. Massell for plaintiff.
Mr. Gary O. Aidekman for defendant Continental Insurance Company (Messrs. Lum, Biunno & Tompkins, attorneys).
SHEBELL, J.S.C.
Plaintiff, a municipal corporation, required the owner of certain real property to execute as principal, pursuant to the provisions of its building code, a certain performance bond in the sum of $1,000. The bond was also executed by defendant Continental Insurance Company as surety.
The purpose of the bond was to guarantee the completion of construction of a private residence upon the owner's premises. It is stipulated that the construction was not completed and that the reasonable cost of boarding up the structure and cleaning up debris is $750. The aforesaid maintenance at the time of trial had not been performed either by the property owner or the municipality; however, such boarding up and clean-up appears to be agreed upon by all the parties as sufficient compliance with the building code.
The municipality instituted suit against the property owner and the surety for "costs and damages." The owner failed to defend and default judgment was heretofore entered against said defendant. The surety defends against the judgment sought for $750, alleging that no actual damage has been suffered because plaintiff has not yet performed the necessary repairs and clean-up, and it further resists plaintiff's claim for counsel fees and costs in the sum of $2,997.50.
Plaintiff maintains that R. 4:42-9(a)(6) permits the court to award counsel fees in the full amount sought without regard to the $1,000 limitation of the bond. The rule *196 provides that "no fee for legal services shall be allowed * * * except * * * (6) In an action upon a liability or indemnity of insurance, in favor of a successful claimant."
Plaintiff misconstrues the provisions of the aforesaid rule. The rule has been strictly construed so as to limit its application only to true liability and indemnity insurance policies. See Gerhardt v. Continental Ins. Cos., 48 N.J. 291 (1966). The performance bond in question is not a liability or indemnity policy within the purview of R. 4:42-9(a)(6). Fengya v. Fengya, 156 N.J. Super. 340 (App. Div. 1978), requires this court to distinguish between contracts of indemnity, where the promisor undertakes to protect the promisee against loss or liability to a third person, and suretyship contracts, where the undertaking is to protect the promisee from acts or defaults of a third person. In the surety bond the obligation is not a primary obligation and the obligation of the surety can exist only where there is default against the principal. The surety, when called upon to pay its bond, retains its right to be reimbursed by the principal. The court has no authority to award counsel fees to plaintiff under the provisions of the aforesaid rule, because the contract in question is a surety contract.
Plaintiff also maintains that the language of the surety bond, requiring payment of "all costs and damage" suffered by reason of failure to complete the structure, is broad enough to allow an award of counsel fees. The parties must be presumed to have known when contracting under the bond in question that they were in a jurisdiction where counsel fees would be imposed only under limited circumstances unless they were specifically provided for. Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162 (1960). No mention of counsel fees and the payment thereof is set forth in the bond and this court would not be justified in adding to the surety obligations an item not specifically contracted for. See Palisades Properties, Inc. v. Brunetti, 44 N.J. 117 (1965).
*197 Defendant surety's position that the municipality has suffered no damage because it has not yet completed remedial action is without merit. The "cost and damage" is suffered under the terms of the bond upon the failure of the property owner to perform. The court has upon the stipulation of the parties found the extent of the damages to be $750. The bond does not require that the money be expended prior to the entry of a judgment against the surety. If such was intended as a condition of the obligation, the surety could have specifically included it as a condition precedent to any right of claim or recovery on the bond. The surety specifically enumerated the conditions precedent in the bond and did not include the foregoing as a condition. Maryland Cas. Co. v. Hansen-Jensen, Inc., 15 N.J. Super. 20 (App. Div. 1951).
Judgment is granted to plaintiff against defendant surety in the sum of $750, together with costs of suit to be taxed by the clerk of the court. The municipality not yet having expended the sums allowed, no interest is awarded.