NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 08-2046, 08-2850 and 08-3103
_____

TITAN STONE, TILE & MASONRY, INC.
v.
HUNT CONSTRUCTION GROUP, INC.
FEDERAL INSURANCE COMPANY;
FIDELITY & DEPOSIT COMPANY OF MARYLAND;
UNITED STATES FIDELITY AND GUARANTY COMPANY

HUNT CONSTRUCTION GROUP, INC.
Defendant/Third-Party
v.
INTERNATIONAL FIDELITY INSURANCE COMPANY,
Third-Party Defendant

Titan Stone, Title & Masonry, Inc.;
International Fidelity Insurance Company,
 Appellants in 08-2046

Hunt Construction Group, Inc.
 Appellant in 08-2850

International Fidelity Insurance Company,
Appellant in 08-3103

_____

Appeals from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:05-cv-03362)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2010

Before:   SCIRICA, RENDELL and FISHER, <u>Circuit</u> <u>Judges</u>.

(Filed: September 20, 2010 )

———————

OPINION OF THE COURT

———————

RENDELL, <u>Circuit Judge</u>.

Titan Stone, Tile and Masonry, Inc. ("Titan") and International Fidelity Insurance Company ("IFIC") appeal the District Court's Judgment in favor of Hunt Construction Group, Inc. ("Hunt"), in this breach of contract action.  We will affirm.

**BACKGROUND**

Because we write for the parties who are familiar with the factual context and procedural history of this case, we recite only the facts that are relevant to our analysis. In 2003, the College of New Jersey awarded Hunt a general contract to build a new library.  Hunt subcontracted with Titan to manufacture and install the wall system for the project (the "Agreement") and IFIC issued a performance bond to cover Titan's work under the subcontract.  After a series of project delays, Hunt terminated its contract with Titan.  In response, Titan brought claims alleging that Hunt materially breached the Agreement by terminating Titan without cause and by failing to pay Titan for the work performed.  Hunt counterclaimed for the cost of correcting and completing Titan's unfinished work, and for the cost of delays.  Hunt also filed a third party complaint against IFIC based on its issuance of the surety bond to Titan.  On the basis of extensive

submissions by the parties and evidence introduced at trial, the District Court found Titan and IFIC jointly and severally liable for breach of the contract and awarded Hunt attorneys' fees against Titan.  The Court denied Hunt's motion for attorneys' fees and costs against IFIC, however, and dismissed Titan's additional claims.

On appeal, Titan and IFIC assert several claims: (1) the District Court erred in finding that Hunt's termination of Titan for cause was appropriate; (2) the District Court erred in finding IFIC liable to Hunt under the performance bond for damages beyond the cost of completing Titan's work; (3) the District Court erred in failing to strike the testimony of Hunt's experts and in relying upon said testimony to support its findings; (4) if the District Court's finding that Titan was terminated for cause is reversed, the termination was one for convenience and Titan is entitled to damages; (5) if the District Court's finding is affirmed, the damage calculation must be modified.  Concurrently, IFIC filed an appeal alleging that (1) Hunt failed to introduce evidence of attorneys' fees and costs at trial; (2) the award of attorneys' fees was unreasonable, unnecessary, and excessive; (3) the attorneys' fees were disproportionate to the damages recovered; and (4) the costs and expenses awarded were unreasonable, unnecessary and excessive.  Finally, Hunt cross-appealed, alleging that IFIC's performance bond incorporated Titan's subcontract by reference and the District Court erred by not assessing attorneys' fees against IFIC.  We will affirm the District Court's Judgment.

3

**DISCUSSION**

The District Court exercised diversity jurisdiction pursuant to 28 U.S.C. §

1332(a)(3) and we have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

I. *Titan* and *IFIC*'s Appeal

We review the District Court's factual findings for clear error. Fed. R. Civ. P.

52(a)(6). The District Court ruled that Hunt properly terminated Titan for cause because

Titan bore responsibility for the project delays. The District Court concluded that Titan's

diversion of a shipment to its facility instead of to the project site – and failure to respond

to Hunt's requests to release the material – warranted termination under § 30 of the

Agreement.[2] Further, the District Court found that Hunt's decision not to notify Titan of

---

[1] We will apply New Jersey law to all claims, as mandated under Section 34.1 of the Agreement.

[2] Section 30 of the Agreement provides, in relevant part, that:

If at any time [Titan]
    (a) fails or refuses to supply sufficient labor, materials, tools, equipment or supervision
    (b) fails or refuses to perform the Work promptly and diligently;
    (c) fails to meet the Project Schedule;
    (d) causes delay, interference or stops the work of Hunt or any contractors or subcontractors;
    (e) fails or refuses to perform and of its obligations under this [Agreement] or the Contract Documents; or
    (f) becomes bankrupt, insolvent or goes into liquidations
then in any such events...Hunt shall have the right...
    (2) to delay payment of all or part of the [Agreement] Price until [Titan] conforms to the Project Schedule; and/or
    (3) to take over and perform through itself or through others [Titan's] Work until, in Hunt's sole judgment, [Titan's] default has been cured...

4

its intent to replace Titan's mason did not breach the implied covenant of good faith and fair dealing as Hunt had no obligation under the Agreement to inform Titan of its considerations. We will find that the District Court did not clearly err in determining that terminating Titan for cause was warranted. Accordingly, we need not address Titan's assertion that the termination was for convenience and it is entitled to damages.

The District Court also found that, under § 30.1(5) of the Agreement, Hunt was entitled to mitigation costs stemming from delays caused by Titan, plus an additional 20% of costs to cover overhead and profit. The District Court conducted a detailed review of the backcharges detailed in the parties' submissions and introduced at trial, and found that the markup for backcharges directly resulted from Titan's delayed and failed performance. At the same time, the court disallowed those backcharges not supported by credible evidence in the record. The court further modified the markup calculation used by Hunt, finding that the requested 21% markup was unsupported by the language of the agreement. We conclude that there is sufficient evidence in the record to support the

_____

(5) to terminate all or any portion of [Titan's] right to proceed under the [Agreement] and to enter upon the premises...In case of such termination of the employment of [Titan], [Titan] shall not be entitled to receive any further payment under the [Agreement] with respect to such portion of the Work until that portion of the Work shall be wholly completed to the satisfaction of Hunt, the Owner and the Designer and shall have been accepted by them, at which time, if the unpaid balance of the amount to be paid under this [Agreement] shall exceed the cost and expense incurred by Hunt in completing said portion of the Work, such excess shall be paid by Hunt to [Titan] as set forth below; but if such cost and expense shall exceed such unpaid balance, then [Titan] shall pay the difference to Hunt as set forth below.

5

District Court's damage calculation against Titan.

In the same vein, the District Court found IFIC liable to Hunt pursuant to the surety bond for damages beyond the cost of completion owed by Titan to Hunt. On appeal, Titan and IFIC claim that the language of the Agreement does not expose IFIC to liability for delay damages, acceleration costs, or other damages beyond the cost of completing the subcontract work. We exercise plenary review over questions of contract law. *See In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000). Under controlling New Jersey law, when a surety bond incorporates a subcontract by reference, "the bond and the contract must be considered as one integrated document." *See Eagle Fire Prot. Corp. v. First Indem. Of Am. Ins. Co.*, 678 A.2d 699, 705 (N.J. 1996). The District Court concluded that the clear language of the surety bond, which incorporated the subcontract agreement between Hunt and Titan by reference, provided that IFIC was liable for Titan's default once provided with reasonable notice. Accordingly, the District Court did not err as a matter of law.

Finally, Titan and IFIC aver error by the District Court in declining to set aside damages and liability findings that were based on Hunt's allegedly manufactured expert testimony. We review a district court's finding that there was no fraud on the court for abuse of discretion. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Action*, 278 F.3d 175, 181 (3d Cir. 2002). After the trial, Titan learned of Hunt's billings for developing and revising the expert reports, and claimed that Hunt's lawyers had

substantive input into Hunt's expert's testimony. Titan contends that Hunt's time allocation demonstrates that the District Court's findings relied heavily on unreliable or biased evidence. The District Court found nothing in the record to suggest actions beyond the normal process of preparing expert reports for submission. Consequently, the District Court did not abuse its discretion by declining to strike Hunt's expert's testimony.

(II) *IFIC's* Cross-Appeal

We review the District Court's ruling granting post-trial motions for attorneys' fees, as well as the reasonableness of the fees and costs awarded, under an abuse of discretion standard. *See Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3d Cir. 2004).

The District Court found that section 34.4 of the agreement included an enforceable attorney-fee shifting provision. Nevertheless, the District Court did not fully rule on the parties' requests for damages immediately, noting that both parties failed to submit reasonably detailed evidence of their attorneys' fees. Instead, the court directed the parties to submit detailed breakdowns of the damages at issue consistent with its findings of facts and conclusions of law. Accordingly, the District Court dismissed both parties' requests for attorneys' fees, without prejudice to further submission within 20 days. Although the court delayed the determination as to which party had prevailed under section 34.4 until damages could be properly assessed, the court did not abuse its discretion in allowing for attorneys' fees to be decided post-trial.

Subsequently, the District Court found Hunt to be the prevailing party on all counts set forth in Titan's complaints and Hunt's counterclaims, and determined that its Order, Findings of Fact and Conclusions of Law, as well as its finding as to damages, settled the dispute between the parties. *See N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 730 A.2d 843 849 (N.J. 1999). Accordingly, the District Court held that Hunt was entitled to attorneys' fees, but closely examined the reasonableness of the fees requested under the factors provided in New Jersey Rule of Professional Conduct 1.5(a) and in light of objections submitted by Titan. After a thorough analysis, the District Court disallowed vague and unsubstantiated billing entries and expenses that did not credibly relate to the litigation at issue. Thus, we agree that the evidence adduced was sufficient and the District Court did not abuse its discretion by awarding attorneys' fees and associated costs to Hunt as the prevailing party.

(III) *Hunt's* Cross-Appeal

Hunt cross-appeals the District Court's determination that IFIC was not liable for attorneys' fees owed by Titan to Hunt, arguing that the court's finding of joint and several liability against IFIC for damages owed by Titan should extend to attorneys' fees. In ruling, the court relied upon New Jersey Court Rule 4:42-9, which provides: "[n]o fee for legal services shall be allowed except . . . [i]n an action upon a liability or indemnity of insurance, in favor of a successful claimant." N.J. Ct. R.4:42-9(a)(6). The District Court followed state precedent in concluding that Rule 4:42-9 is to be strictly construed and

8

applies to liability and indemnity insurance policies, but does not extend to the surety bond at issue. *See, e.g., Eagle Fire Protec. Corp.*, 678 A.2d at 364-65; *Middletown Twp. V. Colen,* 164 N.J. Super. 193, 196 (N.J. Super. Ct. Law Div. 1978).

Similarly, the New Jersey Supreme Court previously stated that "a surety is chargeable only according to the strict terms of its undertaking and its obligations cannot and should not be extended either by implication or by construction beyond the confines of its contract." *Monmouth Lumber Co. v. Indemnity Ins. Co. of N.A.*, 122 A.2d 604, 611 (N.J. 1956). Since the surety bond did not explicitly cover attorneys' fees – and considering New Jersey's strong policy disfavoring the shifting of attorneys' fees – the District Court correctly held that IFIC was not liable to Hunt for attorneys' fees and costs incurred by Titan.

Accordingly, we will affirm for the reasons set forth by the District Court.

9