NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2960-14T2

THE OCEAN AT 101 BOARDWALK,

 Plaintiff-Respondent,

v.

WANDA PITTMAN,

 Defendant-Appellant.
__________________________________

 Submitted December 6, 2016 – Decided May 11, 2017

 Before Judges Espinosa and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Special Civil Part, Atlantic
 County, Docket No. LT-4198-14.

 Wanda Pittman, appellant pro se.

 Sobel Han, L.L.P., attorneys for respondent
 (Sam Han, on the brief).

PER CURIAM

 Wanda Pittman (defendant) appeals a January 12, 2015 order,

which denied her request to vacate a warrant of removal in a

landlord-tenant eviction action. We affirm.

 On October 2, 2014, appellant and her landlord, The Ocean at

101 Boardwalk (plaintiff), entered into a Consent to Enter Judgment
(the Stipulation), in an eviction action brought by the plaintiff.1

Under paragraph 1 of the Stipulation, defendant agreed to pay

$1506 in rent, which she admitted was "due and owing," and

"agree[d] to the immediate entry of a judgment of possession."

Defendant was to pay $1436 by 4:30 p.m. the next day, October 3,

and $70.64 by October 15, 2014. Paragraph 2b of the Stipulation

provided that "current rent must be on time." Then, because there

had been a habitability issue involving apartment 717 that

defendant occupied, the Stipulation provided in paragraph 2b that:

 Tenant will be permitted to move into a 1
 bedroom apartment temporarily, month to month
 until 717's windows are upgraded and floor is
 replaced with standard flooring. The move
 will occur 10/20/14. When 717 is ready tenant
 will decide if tenant is moving back.

 The Stipulation provided that defendant would pay $718 per

month "as required by the rental agreement," which was not a change

from the rent she had been paying. The Stipulation further

provided that "[i]f the [t]enant makes all payments required in

paragraph 2b of this agreement," the landlord will not request a

warrant of removal. However, if payments were not made "the

[t]enant agrees that the [l]andlord may file a certification

stating when and what the breach was and that a warrant of removal

1 The form of the Stipulation was a court-approved form. See
Pressler & Verniero, Current N.J. Court Rules, Appendix XI-V at
2715 (2017).

 2 A-2960-14T2
may then be issued by the clerk." In bold, capitalized letters,

the Stipulation stated that if the defendant failed "to make any

payment that is required by Paragraph 2b . . . [she] may be evicted

as permitted by law after the service of the warrant of removal."

Paragraph 5 of the Stipulation provided that "[t]his agreement

shall end when the [t]enant has paid the full amount of the rent

stated in paragraph 1 and then the judgment shall be vacated and

the complaint shall be dismissed."

 Defendant did not meet the Stipulation's October 3 deadline.

Instead, she filed an order to show cause to stay execution of the

warrant of removal, paying $1506.64 into court on October 8, 2014

in order that the order to show cause could be heard.2

 In November, defendant again was late on the rent payment.

She did pay a portion of the rent by October 30, but the balance

of $300, that was due on the first of the month, was not paid

until November 3.

 Defendant remained in apartment 717 until December 13, 2014,

when she moved to apartment 718. Defendant signed a lease for

apartment 718 for the same rental payment of $718 per month.

 Defendant did not pay the December rent on time. On December

2The order to show cause appears to have been returnable on October
17 or 24, but because the parties did not provide a transcript
from either date, the record does not disclose what transpired.

 3 A-2960-14T2
2, she offered plaintiff a $117 money order, representing that she

would not have the balance of the rent until December 5. When

plaintiff would not accept the money order, defendant filed a new

order to show cause to stay the warrant of removal, and obtained

a stay provided she paid $718 into court by December 8, 2014,

which she did. Defendant failed to appear for the hearing on

December 16 and the matter was rescheduled to January 9, 2015.

 Defendant did not pay the January rent, but she appeared at

the hearing on January 9 with a check for $570 and indicated she

would have the balance of $148 by January 12. The court heard the

order to show cause even though defendant had not posted all of

the outstanding rent, and ordered her to pay the full amount of

the rent outstanding and $500 in attorneys' fees by the close of

the day in order to stay the warrant of removal. When plaintiff

certified that defendant had not paid the amounts ordered, the

court denied defendant's order to show cause by order dated January

12, 2015. Appellant was evicted on January 30.

 On February 3, 2015, defendant filed another order to show

cause seeking to vacate the judgment of possession and warrant of

removal, and this application was also denied. Defendant has not

appealed that order.

 On appeal, defendant contends she should not have been evicted

based on the Stipulation once she paid $1506.64 into court and

 4 A-2960-14T2
that the matter should have been dismissed. Moreover, because she

contends plaintiff breached the Stipulation by failing to move her

to another apartment by October 20, she asserts "no warrant of

removal was ever to be granted or issued per the stipulation."

 We afford a deferential standard of review to the factual

findings of the trial court. Rova Farms Resort, Inc. v. Inv'rs

Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). These findings will

not be disturbed unless they are "so manifestly unsupported by or

inconsistent with the competent, relevant and reasonably credible

evidence as to offend the interests of justice." Id. at 484

(quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155

(App. Div.), certif. denied, 40 N.J. 221 (1963)). However, our

review of a trial court's legal determinations is plenary.

D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan

Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

 We note, initially, that the appeal is only from the January

12, 2015 order that denied defendant's request to vacate the

warrant of removal, because that is the only order identified in

the notice of appeal. See W.H. Indus., Inc. v. Fundicao Balancins,

Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) ("It is clear that

it is only the orders designated in the notice of appeal that are

subject to the appeal process and review." (citing Sikes v. Twp.

 5 A-2960-14T2
of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.), aff’d o.b.,

138 N.J. 41 (1994))).

 We discern no error by the court in denying defendant's order

to show cause, which allowed the eviction to move forward. The

parties entered into the Stipulation that required defendant to

pay $1436 by the end of October 3, 2014, and another $70.64 by

October 15, 2014. She also was to continue to be current on the

payment of rent. Defendant did not pay the October, November,

December or January rent on time despite the Stipulation. Because

she was late, under the terms of the Stipulation, the warrant of

removal could be issued. Thus, the court did not err in denying

her January 2015 order to show cause because it was clear defendant

was continuing to fail to pay.

 Defendant incorrectly contends that the terms of the

Stipulation prevented the execution of the warrant of removal.

The judgment of possession could have been vacated had she timely

paid under the Stipulation, but because she did not, the judgment

was not vacated and the eviction proceeded.

 The record on appeal does not provide us with information

about why the move from apartment 717 to 718 did not occur until

December. Defendant provided no evidence however to show that

missing the deadline was to have affected the requirement of timely

payment of rent.

 6 A-2960-14T2
 Defendant's execution of a new lease for apartment 718 did

not constitute a waiver of the Stipulation. This case is different

from Montgomery Gateway v. Herrera, 261 N.J. Super. 235, 240 (App.

Div. 1992). In that case, we were satisfied that "the new lease

given to defendant and the acceptance of rent thereunder compels

a finding of waiver." Ibid. Here, defendant's move to the new

apartment was expressly contemplated in the Stipulation as an

accommodation on the separate issue of habitability. Defendant

presented no proof that execution of the new lease was

"inconsistent with an intention to require the surrender of

possession of the premises." Otherwise, there was no reason for

the Stipulation to provide for a judgment of possession or for the

execution of a warrant of removal upon defendant's failure to

remain current on the rent, and at the same time permit defendant's

move to a new apartment. We are constrained to interpret the

Stipulation giving "reasonable meaning to all provisions [rather

than] . . . one which leaves a portion of the writing useless or

inexplicable." Maryland Cas. Co. v. Hansen-Jensen, Inc., 15 N.J.

Super. 20, 27 (App. Div. 1951).

 Affirmed.

 7 A-2960-14T2